GEO. W. McMILLEN, *County Clerk, &c.,* v. THOS. H. BUTLER.

ACTION AGAINST PUBLIC OFFICERS; INJUNCTION; *When Not Maintainable.* Where a private individual brings an action against the county officers for the purpose of obtaining an injunction to restrain such officers from removing their respective offices from the town of O. to the town of E. during the pendency of a certain suit in the supreme court, and in his petition alleges in substance, that he is a resident, a citizen, an elector, and a tax-payer of said town of O., that prior to the commencement of this suit he commenced an action against the county clerk to perpetually enjoin him from moving his office from

said town of O. to said town of E.; that in said action a temporary injunction was granted; that on the final hearing of said action judgment was rendered against the plaintiff and in favor of the defendant, and said town of E. was declared to be the county-seat, and that the plaintiff then took the case to the supreme court, where it was stil pending when this present action was commenced; *held,* that said present action cannot be maintained.

### *Error from Neosho District Court.*

ACTION by *Butler* as plaintiff, against the county clerk, register of deeds, and county commissioners, as defendants. The district court, at the December Term 1873, overruled a demurrer to plaintiff's petition, and from such decision the defendants appeal, and bring the case here for review. The facts are fully stated in the opinion.

*John T. Voss,* for plaintiffs in error.

*W. S. Carroll,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Butler against McMillen and the other county officers, to enjoin said officers from moving their respective offices from the town of Osage Mission to the town of Erie, Neosho county, pending a certain suit in the supreme court. The petition below states in substance that Butler, the plaintiff below, "is a resident of the town of Osage Mission, and a tax-payer, a citizen and elector of said county of Neosho; that Butler had previously commenced an action in the district court of said county against said McMillen, county clerk of said county, to perpetually enjoin him from moving his office from said town of Osage Mission to said town of Erie; that a temporary injunction was granted in that case; that the case was finally tried upon its merits; that Butler was defeated in the action, the judgment therein being rendered against Butler and in favor of McMillen, and deciding that Erie was the county-seat of said county; that Butler then took the case to the supreme court, where it is (at the com-

mencement of this suit) now pending; that the co-defendants of said McMillen are privies in law to him, and as such are bound by the pendency of said temporary injunction;" "that each and all of said defendants are bound to take notice of the pendency of said proceedings, and the appeal therein to the supreme court;" and Butler thereupon prays in this suit for an injunction restraining all the defendants except McMillen from moving their respective offices as aforesaid until said case of Butler against McMillen shall be finally decided in the supreme court. That case has been decided in this court, (*Butler v. McMillen*, 13 Kas. 385;) but the decision of that case will not affect the present decision of this case. The defendants demurred to said petition on various grounds, among which was the ground that the petition did not state facts sufficient to constitute a cause of action. The court below overruled said demurrer, and the defendants below now bring the case to this court.

It is difficult to understand upon what principle it is supposed that this action may be maintained. There is no statute authorizing such an action; and we do not think that it can be maintained under any general principles of law or equity. There is a statute authorizing suits to contest county-seat and other elections; (Laws of 1871, page 190.) But this action was not brought under that statute. The plaintiff in this case does not pretend to found his rights upon any election. He does not allege, except possibly remotely and inferentially, that any election was ever held in Neosho county. He does not at all allege that any election was illegal or void; he does not, except by a very remote inference, allege that Osage Mission ever became the county-seat by virtue of any election, or otherwise; and above all, he does not attempt in this action *to contest* any election. The substance of his petition is, that at one time he filed a petition in another case in which he alleged that Osage Mission was the county-seat of Neosho county; that there had been an election under which the county commissioners had declared that Erie was the county-seat of said county; that under said election said

McMillen was about to move his office of county clerk to Erie; but either that said election was void, or that Osage Mission had become the county-seat thereunder and by virtue thereof. But we do not understand that the plaintiff below claims that he brought his action under said statute, and it is not necessary therefore to say anything further with reference thereto. The plaintiff is not a public officer, prosecuting for the benefit of the public; and he does not show that he has any special or private interest in the subject-matter of the action which calls for any special interposition of the courts of justice for his particular benefit. Merely being a resident, a citizen, an elector, or a tax-payer, or all combined, does not authorize a private individual to summon the public officers into the courts of justice to answer for their official conduct. (*Bridge Company v. Wyandotte County*, 10 Kas. 326, 331, and cases there cited; *Miller v. Town of Palermo*, 12 Kas. 14.) His interest must be private and special in order to invoke the special intervention of the courts in his favor.

But under no view that we may take of the circumstances, should the courts interfere in this particular case. If the judgment of the court below in the case of *Butler v. McMillen* is right, and in the absence of anything to the contrary we we must presume that it is right, then no new injunction should be granted to restrain the county officers from moving their offices to Erie, for the court in that case determined that Erie was the county-seat. But even if said judgment is wrong, still if the theory of the plaintiff, that all the county officers are in privity with each other, that all are bound by said temporary injunction, and that said temporary injunction is still in force, is correct, then the plaintiff does not need any further injunction, and the injunction should be refused in this case for that reason alone. Why should the plaintiff want two injunctions against the same persons for the same thing? It will be remembered that the injunction prayed for in this case is only to restrain the officers until the other case can be decided in the supreme court.

The judgment of the court below is reversed, and cause remanded for further proceedings.

All the Justices concurring.