JEREMIAH SABIN V. HIRAM SHERMAN, *et al.*

1. ANOTHER ACTION, *When Not Maintainable.* Where an action involving the validity of an election relating to the location of a county seat has been fully and fairly heard upon the merits, and decided by the district court adversely to the plaintiff attempting to enjoin the canvass of the votes of the election, and the decision of the district court has been affirmed by the supreme court, another plaintiff representing the same interest is not entitled as a matter of right to subsequently commence another action to enjoin the county commissioners from canvassing the vote and declaring the result of said county-seat election.

2. ACTION, *To be Brought Within What Time.* An action for the purpose of enjoining the board of county commissioners from canvassing the vote and declaring the result of a county-seat election, on the alleged ground that the order for the election was wrongfully and illegally made, because not petitioned for by a sufficient number of the legal voters of the county, can only be brought within two years after the time fixed by law for canvassing the vote and declaring the result of the election, when the board of commissioners has not voluntarily deferred such canvass and declaration.

*Error from Pottawatomie District Court.*

ACTION brought by *Sabin* against *Sherman* and two others, as commissioners of Pottawatomie county, to perpetually

19 — 28 KAS.

enjoin defendants from canvassing the votes polled at the election held in that county, September 23, 1879, for the relocation of the county seat thereof. Upon the trial, at the March Term, 1882, of the district court, the defendants offered in evidence the pleadings, proceedings and judgment in the court aforesaid in the case of *Almon Benton v. Edward Nason, et al.*, and the mandate of the supreme court affirming the judgment of the district court therein, to which evidence and each and every part thereof the plaintiff objected, on the ground that the same is incompetent, immaterial, and irrelevant. This objection the court overruled, and received the evidence, the same being all the evidence in the case. Thereupon came on for hearing the defendants' motion to dissolve the temporary injunction theretofore granted in this action by the probate judge of the county, for the following reasons:

"1st. That the facts stated in said petition are not sufficient in law to justify the issuing of the same.

"2d. That the facts stated in said petition as the grounds for asking said injunction are not true.

"3d. That the above-entitled action is barred by the statute of limitations, as shown on the face of said petition.

"4th. That relief by injunction in this action is barred by the *laches* of the plaintiff in the delay in commencing said action, as shown on the face of said petition."

And after hearing the evidence submitted and the arguments of counsel on each side, and the court having been sufficiently advised in the premises, "it is by the court now here adjudged, ordered and decreed, that said motion be and the same is hereby sustained, and that the said temporary injunction and restraining order heretofore granted by the probate judge for Pottawatomie county, Kansas, against the defendants herein be and the same is hereby dissolved, set aside and held for naught, and that the defendants herein do have and recover from the plaintiff their costs herein expended, taxed at $——; and hereof let execution issue."

To which order, judgment and decree the plaintiff excepted, and has brought the case here.

*Case & Curtis,* for plaintiff in error.

*Martin & Mileham, D. V. Sprague,* and *C. P. Jeffries,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: After the decision in this court in *Benton v. Nason, et al.,* 26 Kas. 658, and on the 21st day of March, 1882, the plaintiff filed his petition to perpetually enjoin the defendants, as commissioners of Pottawatomie county, from canvassing the votes polled at the election held in that county on September 23, 1879, for the purpose of permanently locating the county seat of the county. It was alleged in the petition, that the order for the election was wrongfully and illegally made, because not petitioned for by the proper number of legal voters of the county; that the petition presented and acted upon contained the names of minors, dead persons, non-residents and forged signatures in numbers sufficient to reduce it below the requirements of the law. A temporary injunction was granted upon the application of the plaintiff, by the probate judge of Pottawatomie county, upon the date of the filing of the petition, and at the March term of the district court for 1882 the defendants moved to dissolve the injunction thus granted; and upon the hearing of the motion the record and decision of affirmance in the case of *Benton v. Nason,* supra, were offered in evidence. The motion was sustained, and plaintiff now brings the case here.

It appears from the record that the case of *Benton v. Nason,* supra, was tried upon its merits, and the judgment therein rendered affirmed by this court. We perceive no error in the ruling of the district court. Although the plaintiff was not the same as in *Benton v. Nason,* yet it was the same interest which was plaintiff; and where one case involving the county-seat question has been heard upon the merits and decided, county commissioners ought not to be exposed to repeated suits from different parties. If this be not true, then it follows that it is within the power of those who may be dis-

satisfied with the result of a county-seat election, to defeat almost forever the canvass of the returns of the election, by the continued institution of new suits. Perhaps there might be some special and exceptional circumstances preventing the one decision determining all, but, as a rule, one decision on the merits of the case ought to conclude all parties with the same interest. See *McMillen v. Butler*, 15 Kas. 62. Further than this, however, subdivision 3 of §18 of the code bars this action. The date fixed by law for the canvass of the votes cast at the election was September 27, 1879, and in our opinion the cause of action accrued to the plaintiff the day fixed by law for the canvass. This action was not commenced for more than two years after that date. If the county commissioners had voluntarily deferred any action, the rule might have been different, but their action was postponed through an injunction, and the time thereby for commencing this action was not extended. At any rate, if the rule here stated is not within the very letter of the statute, it is clearly within the spirit, and it is important that there should come a time in which litigation of this character shall end.

The order and judgment of the district court will be affirmed.

All the Justices concurring.