No. 40,641

RAY GEHRING, *Appellant*, v. MARTIN M. GOERING, *Appellee*.

(317 P. 2d 424)

Opinion filed November 9, 1957.

*Orval J. Kaufman*, of Wichita, argued the cause, and *Lawrence Weigand, Lawrence E. Curfman, Byron Brainerd, Charles W. Harris, J. Ruse McCarthy, Thomas A. Wood*, and *Donald A. Bell*, all of Wichita, and *Lelus B. Brown*, of Newton, were with him on the brief for the appellant.

*Evart Mills*, of McPherson, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an action for slander wherein a motion by defendant for judgment on the pleadings and opening statement made by counsel for plaintiff was sustained and judgment entered for defendant for costs. Plaintiff appeals from the ruling and judgment.

We shall continue to refer to the parties as plaintiff and defendant.

Defendant wrote a letter to the state superintendent of public instruction charging that a group of people who were fighting school district No. 136 in McPherson county had been "fighting practically all thru life." They had "fought with might and main" to stay out of another school district. They had "fought with all their might against a new building" and had been "against every progressive move that this community has endeavored to make, be it Church,

School or what have you." The contents of this letter were made a part of the petition which also showed that a copy had found its way into a meeting called at the Eden Mennonite Church, Moundridge, Kansas, under plaintiff's theory, to settle differences between plaintiff and defendant. The petition charged defendant at the meeting, concerning his writing of the letter, said, "I would apologize to you but I won't because what I said in the letter is true."

Before we can reach the merits of this appeal we must first consider a motion to dismiss filed on March 6, 1957, which is urged by defendant's counsel. In support of the motion defendant shows in the record that after the judgment of November 13, 1956, for defendant for costs, the plaintiff filed a motion on November 16, 1956, to vacate the order of the court entering judgment for costs. On December 27, 1956, the clerk of the district court mailed a statement of the costs in the sum of $67.70 to plaintiff who on December 29, 1956, paid the costs and obtained a receipt. On January 8, 1957, the trial court overruled the motion to set aside its judgment and on January 11, 1957, plaintiff filed his notice of appeal to this court from the adverse rulings of the trial court.

In opposition to defendant's motion to dismiss plaintiff on March 14, 1957, filed an answer in this court showing that on February 8, 1957, the trial court conducted a hearing with both parties represented and concluded that a mistake had been made which should be corrected in the interest of justice, ordered the costs to be returned to plaintiff and expressly found there had been no acquiescence by plaintiff in the judgment for costs or anything in this lawsuit whatever. In support of his answer plaintiff refers in his brief to the following statutes:

G. S. 1949, 60-3813 governing the exercise of powers and the performance of duties by the clerk of each of the courts;

G. S. 1949, 60-3320 having to do with the presentation to the court of a mistake, neglect, or omission of its clerk before consideration thereof by an appellate court; and

G. S. 1949, 60-3010 governing proceedings to correct mistakes or omissions of the clerk, or irregularities in obtaining a judgment or order.

The general rule is that a party must receive some benefits from a judgment which he takes or accepts before he is presumed to have waived his right to appeal or complain of error, but in Kansas the general rule as to receiving benefits is not followed. (For discussion on this subject, see 4 C. J. S., Appeal and Error, § 214, p. 414;

2 Am. Jur., Appeal and Error, § 214, pp. 975-977.) This court has always strictly adhered to a rule which is thought by many to be a very harsh one. Either mistake or ignorance has been advocated before where parties were held to have acquiesced in a judgment and thereby foreclosed themselves to the right of appeal. In *Bank v. Bracey*, 112 Kan. 677, 212 Pac. 675, a bank had brought an action to recover on a note. Upon trial of the matter, judgment was entered against the bank for *costs* and after an appeal was taken the clerk of the district court had sent a statement for costs to the bank and the cashier and active manager of the bank, without knowledge on the part of the board of directors, had paid the costs. The cashier pleaded ignorance of the consequence of his conduct and the board of directors declared it had no intention of abandoning the appeal, but the court said,

"In no case in which an appeal has been dismissed was it the intention of the party recognizing validity of the judgment to prejudice his appeal, and in several instances the intention not to prejudice the appeal was expressly declared." (p. 679.)

The appeal in the *Bank* case was dismissed and the rule traditionally adhered to in this state was re-stated therein, as follows:

"The defendant, having voluntarily complied with the judgment so far as it is adverse to him, and having paid the money into court for the use of the plaintiff, is in no position to insist on errors in its rendition." (p. 678.)

We said in *Newsome v. Anderson*, 164 Kan. 132, 187 P. 2d 495, that,

"Whatever the rule may be elsewhere it is well settled law in this jurisdiction that whatever savors of acquiescence in a judgment cuts off the right of appellate review, and that payment of costs by a defeated party falls in that category . . .," (p. 136)

and this rule has been reiterated all through our Kansas reports. See *Hawkins v. Wilson*, 174 Kan. 602, 604, 257 P. 2d 1110, and *Rose v. Helstrom*, 177 Kan. 209, 212, 277 P. 2d 633.

Two plaintiffs were involved in the case of *Paulsen v. McCormack*, 133 Kan. 523, 1 P. 2d 259, and it was there held the payment of costs by one of them cut off the right of appeal by either. The Paulsen case sets out in substance that it is so very easy in Kansas to procure a stay of execution, *supersedeas*, or the like, to halt an execution that the attitude of some that our Kansas rule is a harsh one should be put at rest.

Here, as in the Paulsen case, no execution was issued to create a

pending levy on plaintiff's property so that it must follow here, as there, that plaintiff's payment of the costs was voluntary and not involuntary.

We do not wish to overlook plaintiff's answer to defendant's motion to dismiss the appeal but the question involved is jurisdictional as to whether this court can consider the appeal and is one for decision here. There can be no quarrel with the power of a district court to control the acts of its clerk, under the statutes cited, but when the question affects our jurisdiction, we must decide it.

In view of our many decisions following the stated rule, we have no alternative but to dismiss the appeal. It is so ordered.

SCHROEDER, J., not participating.