No. 41,731

BLANCHE BARCLAY, *Appellee*, v. PAUL F. MITCHUM, Mayor; EARL SWARNER, Commissioner of Finance and Public Property; JOSEPH REGAN, Commissioner of Boulevards and Parks; BOARD OF CITY COMMISSIONERS OF THE CITY OF KANSAS CITY, KANSAS; THE CITY OF KANSAS CITY, KANSAS; and JOHN McDERMOTT, Building Inspector of the City of Kansas City, Kansas, *Appellants*.

(350 P. 2d 1109)

Opinion filed April 9, 1960.

*Leo J. Moroney,* city counselor, argued the cause, and *C. W. Brenneisen, Jr.,* city attorney, and *Joseph A. Bukaty* and *Francis J. Donnelly,* deputy city attorneys, were with him on the briefs for the appellants.

*Edward H. Powers,* of Kansas City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by defendants, the board of city commissioners of Kansas City, from the trial court's judgment and order that the action of defendants denying plaintiff's rezoning application was unreasonable, and ordering defendants to change the zoning on the real property from "A" single-family district to "E" apartment district.

Summarized, the petition alleged that on March 9, 1959, appellee presented to the Kansas City planning commission her petition for change of zone of her 3.6 acres of land, situated at the southeast corner of Twenty-seventh and Farrow streets, from zoning district "B," single family, to zoning district "E," apartment. She had contracted to sell the land to Wendell Robbins and the change of zone would permit construction of garden type apartment buildings which would contain sixty-six dwelling units. Plans and specifications were submitted. On April 6, 1959, the commission's recommendation denying the application was transmitted to the board of city commissioners. On April 13, 1959, the board heard evidence in support of and in opposition to appellee's application. Her evidence supported her position that the failure to grant the change of zone would constitute unreasonable action by both the commission and board for the reason that it would create a situation of discrimination against her; would result in actual damage to her; would not result in damage to adjacent owners; would constitute failure of the board to assume its obligation in providing needed housing by virtue of the Gateway Redevelopment Authority and the zone change would not cause difficulty in school or sewer facilities or deprive adjoining property owners of free and uninterrupted use thereof.

On May 12, 1959, the board denied appellee's application and under G. S. 1949, 12-712, she filed this action in the trial court on the ground the board's action in denying her petition was unreasonable because it constituted direct injury, damage and loss to appellee; it constituted discrimination against her in the use and development of her property as shown during the hearing; no injury to the adjoining owners was proved and there was no showing of injury or damage to them in regard to the use of school or sewer facilities.

In addition to a general denial, the board's answer admitted the recommendation of the commission and the board's denial of the zone change for the reasons that the predominant character of the neighborhood was single-family dwellings, an apartment development would adversely affect the value of those dwellings, and the zone change would create a spot zone inconsistent with the plan in the area.

After the introduction of the testimony of a number of witnesses for both sides, and exhibits (including a map showing location of

appellee's land, numerous commercial enterprises, churches, a school, the properties of the protestants and a property larger than appellee's located at Thirty-first and Farrow which had recently been rezoned in the same manner as appellee requested), the trial court voluntarily made findings of fact, in pertinent part, as follows:

"In the first place, I will find that there is no showing that the hearings before the Planning Commission and the City Commissioners were not fairly conducted. I will make the finding that there is no showing of financial loss to the plaintiff sufficient of itself to warrant interference by the Court. Thirdly, I will find that no injury to adjoining property owners is established. The argument that the granting of this application will overtax the sewers is not valid under the evidence. The argument that the granting of this application will overtax the school facilities in the area, while of some moment, must be greatly discounted in view of Mr. Brotherson's testimony and in view of the City Commissioners having granted the change of zoning at 31st and Farrow for apartment development, this tract being in the same school district as the Barclay tract.

"I find affirmatively that there is no showing that discrimination on account of race or color was involved in the rulings of the Planning Commission or the City Commissioners so that Section 12-713 has no applicability here.

. . . . . . . . . . .

"The line of separation between the functions of the City Commissioners and the functions of the court with reference to zoning is well-defined. City Commissioners have the right, in the first instance, to prescribe zoning, and they have the right to change zoning, and they have the right to refuse to change zoning. The courts are limited to passing on the reasonableness of action taken by the City Commissioners. The courts should not declare the actions of the City Commissioners unreasonable unless clearly compelled to do so by the evidence.

". . . Now, had the City Commissioners denied that application for a change, the one at 31st and Farrow, I would have deemed it the duty of the Court to help the City hold the line against encroachment of apartment buildings into one-family dwelling areas; the case would have been easy, and the Court wouldn't have hesitated for a moment. But the City Commissioners having seen fit to rezone the area at 31st and Farrow so that apartment buildings may be built there, under those circumstances the Court finds that the action of the City Commissioners in denying the similar request of Blanche Barclay was unreasonable and discriminatory. I can find no reasonable basis under the evidence by which the one ruling on one plot of ground and the other ruling on the other plot of ground can be reconciled. Rulings on similar facts, to be reasonable, must either be consistent or the facts must be distinguishable in some way. I do not feel that the difference in topography of the two tracts *to be* sufficient to warrant the different decisions which were reached by the Board of City Commissioners in the two cases."

The formal judgment of the trial court, based on the above findings dictated into the record and summarized in the journal entry of judgment dated July 14, 1959, reads:

"It Is Therefore by the Court Ordered, Adjudged, and Decreed:

"That the zoning classification of the tract of land consisting of 3.6 acres situated at the Southeast corner of 27th and Farrow Streets, Kansas City, Kansas, be, and the same is hereby ordered changed from 'A' single-family to 'E' apartment district classification. . . ."

No motion for new trial was filed in the court below but the board filed its notice of appeal from the trial court's judgment and order that its action in denying appellee's rezoning application was unreasonable and ordering the board to change the zoning on appellee's real property from "A" single-family district to "E" apartment district.

Our scope of appellate review is limited herein according to the cardinal rule, consistently cited and approved by this court, that in the absence of a motion for new trial, the scope of appellate review is limited to the question whether the judgment is supported by the pleadings and findings, and trial errors will not be reviewed. (*Jeffers v. Jeffers*, 181 Kan. 515, 518, 313 P. 2d 233; *Andrews v. Hein*, 183 Kan. 751, 332 P. 2d 278; *Atkinson v. State Highway Commission*, 184 Kan. 658, 339 P. 2d 334, and cases cited therein.)

It is evident from a reading of the petition and the full and complete findings of fact of the trial court that they support its judgment.

The board's first two specifications of error involve trial errors and are therefore not reviewable. The third specification that the trial court misinterpreted its statutory duty as interpreted by the decisions of this court is without merit because the trial court capably stated the correct rule governing a situation where its only judicial duty is to consider the acts of an administrative body acting in a legislative capacity. That duty is to pass on the reasonableness thereof.

The last specification of error is that the trial court's findings did not support the judgment. Obviously, the trial court was convinced that since the board had, under a similar request just a short time before, rezoned a much larger area than appellee's located between Thirtieth and Thirty-fifth street on the north side of Farrow, the denial of appellee's application to rezone her property at the southeast corner of Twenty-seventh street and Farrow, only three blocks distant, was arbitrary and unreasonable. From both a logical and a legal standpoint, the result reached by the trial court was correct.

The judgment is affirmed.