No. 42,492

HENRY E. RICH, WILMA E. RICH, JOHNSON J. CHAMPLIN, OS- BORNE M. ANDERSON, MOLLIE W. ANDERSON, R. E. HONEY, FRANCES W. HONEY, E. H. CULLISON, BIRDIE CULLISON, GLENN G. BLASDEL, LUCINDA BLASDEL, HENRY M. SIEMER, CHRISTINE SIEMER, RAY- MOND L. BURDICK, CAROLINE L. BURDICK, DWIGHT A. BEAVERS, and LILY BEAVERS, *Appellants*, v. CITY OF WICHITA, KANSAS, a Mu- nicipal Corporation; BOARD OF CITY COMMISSIONERS, City of Wichita, Kansas; LEVI RYMPH, Mayor and City Commissioner; JUSTUS FUGATE, City Commissioner; HERBERT LINDSLEY, City Commissioner; JOHN MADDEN, City Commissioner; JOHN STEVENS, City Commissioner; and C. H. FUNK, City Clerk of the City of Wichita, Kansas, *Appellees*.

(369 P. 2d 378)

Opinion filed March 3, 1962.

*Robert J. Hill,* of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, Willard B. Thompson,* and *David W. Buxton,* all of Wichita, were with him on the briefs for the appellants; *Homer V. Gooing* and *Hugo T. Wedell,* of counsel.

*Spencer L. Depew,* of Wichita, argued the cause, and *Fred W. Aley* and *Lawrence E. Curfman,* both of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Robb, J.: This is an appeal by plaintiff landowners from the judgment of the trial court in favor of defendants denying the rezoning of plaintiffs' property located near the city intersection of Oliver avenue and Thirteenth street in Wichita from "A" residential to light commercial.

By way of preliminary background, the record discloses the Wichita-Sedgwick County Metropolitan Area Planning Commission had recommended the requested rezoning to the city commission but that commission denied the rezoning, and upon appeal by the plaintiff landowners from that ruling, the trial court likewise entered judgment denying the rezoning and held for the defendants for costs. Hence this appeal.

The stipulated and uncontradicted facts are that plaintiffs' property had been zoned "A," two-family dwellings, for a number of years and plaintiffs sought rezoning of their property to LC, light commercial. C. U. P. type zoning refers to the community unit plan and compares more nearly with light commercial zoning than any other type. In this case the maximum amount of property that could be made LC zoning is now C. U. P. and, as will be shown, has not yet been brought into the city but as soon as it is, it will be zoned LC. The intersection of Thirteenth street running east and west and Oliver avenue running north and south forms not only a section line intersection but is a point where two of the heaviest traveled thoroughfares in Wichita cross. There is a gasoline service station at the northwest corner and a modern shopping center is located behind the station, and in a northwesterly direction. The maximum amount of LC zoning appears to have been allowed at this corner under the city's general policy limiting the extent of LC zoning to twenty-four acres per section which means approximately six acres on each corner or a maximum linear distance of not to exceed 600 feet in a more or less square dimension.

The northeast corner of the intersection was zoned LC and a supermarket located thereon. A large tract of land at the southeast corner of the intersection has been zoned C. U. P. At the southwest corner a sufficient amount of land (200 feet) was zoned for the construction of another service station. Later, 200 feet on the east side of Dellrose street, a north-south street one block west of Oliver avenue, was zoned LC and a carry-out sandwich business operated thereon.

The property of plaintiffs involved in this litigation covers "A" zoned property extending from the south side of Thirteenth street down the west side of Dellrose for a distance of 200 feet, then west to the east side of Pershing street (the second street west of Oliver avenue), then north 200 feet on the east side of Pershing back to Thirteenth street. The extension of Pershing street north across Thirteenth street becomes the west boundary of the aforementioned large shopping center on the northwest corner of the intersection, and it follows an extension of Dellrose street north from Thirteenth would bisect the shopping area.

Considered with and made a part of the recommendation of the planning commission was an offer of plaintiffs to have the south fifty feet of their property zoned "B" (multiple family dwellings— actually used for parking) but that is not of sufficient note to require full discussion herein.

Since October, 1955, sixty-five of sixty-six applications for change to LC zoning had been granted by the city commission upon the recommendation of the planning commission and since January, 1955, some twenty-four of twenty-five similar applications had been denied by the city commission upon recommendation of the planning commission. In addition to policies already set out herein it was contrary to the planning commission's policy to strip zone for commercial use along major thoroughfares for the reason that it interfered and was incompatible with the purpose of major thoroughfares which is to move heavy flows of traffic.

However, as above stated, the limitation of twenty-four acres per section is definitely a policy of the planning commission. In November, 1959, that commission informally adopted the policy that when three of four corners have been zoned LC, the fourth corner should be rezoned LC if so requested. It is noted this policy was adopted just three months prior to plaintiffs' application for rezoning. Certain maps and photographs were admitted in evidence without objection which cannot be reproduced in the opinion but they have been quite helpful to the court in its consideration of this case. From these maps and the testimony of the witnesses, it appears the city has allowed approximately seven other zoning applications all covering areas a number of miles removed from the property in question: two to the northwest of the center of the city; three to the southwest approximately east of the new Wichita airport; and two to the southeast of the middle of the city out towards McConnell Air Force Base. These areas had some similarities and

some dissimilarities with our present area, as will presently be explained.

The trial court's findings in brief were that although the city commission normally followed its section line intersection policy and the "fourth corner" policy, exceptions and variations were made thereto when circumstances and conditions justified such exceptions; that three of the four corners of the intersection of Thirteenth street and Oliver avenue were zoned and used LC and the fourth, approximately thirty-five acres in size, was zoned C. U. P. but has not yet been put to C. U. P. use; two other tracts zoned LC at the same intersection had not been put to that use at the time of the application herein; other tracts approved for LC zoning by the city commission had had one or more circumstances that were similar to the ones existing with respect to plaintiffs' property, namely, that the tracts at the time of the requested zoning change were occupied by and adjacent to residential property, that LC developed property existed adjacent to and in the area, and finally, LC zoning had been granted in areas where a large percent of the existing LC zoned property had not been developed. In its last two findings, No. 10 and No. 11, the trial court stated:

"10. The Court further finds from the evidence that while plaintiff's application to zone their property 'LC' involved, in many instances, similar circumstances to those involved in applications for 'LC' zoning which have been approved by the City Commission in the recent past, sufficient evidence was offered by the defendants to prove that different circumstances and dissimilar factors did exist which would and did clearly justify the City Commission in denying plaintiff's application.

"11. This court further finds that the line of separation between the functions of the City Commission and the functions of the courts with reference to zoning has been well defined. The Courts are limited to passing on the reasonableness of action taken by the City Commissions and should not declare the actions of the City Commissioners unreasonable unless clearly compelled so to do by the evidence. This court can find no basis under the evidence presented on which to find the action of the City Commission to have been unreasonable or discriminatory."

The trial court concluded the city commission did not act arbitrarily, capriciously, and unreasonably in its refusal to rezone plaintiffs' property and entered judgment for defendants.

The opinion of this court is that the trial court, as shown by its findings, followed as closely as possible *Barclay v. Mitchum*, 186 Kan. 463, 350 P. 2d 1109, and we are unable from the over-all record, the exhibits, the stipulated facts, the pleadings and the testimony

of R. E. Ray and Leland R. Edmonds to say there was no competent substantial evidence to justify the trial court in its findings No. 10 and No. 11.

Plaintiffs contend only two zoning policies are here involved; that of the section line intersection, and the "fourth corner" policy. However, the record shows other policies had been adopted and were considered by the city commission, namely, that of not permitting "strip zoning," of not allowing more LC zoning in any area where more than one third of the property already zoned LC was not being so used, and of requiring that land zoned LC be approximately in the form of a square when the maximum amount of property so zoned was at a section line intersection. We are unable to say the city commission did not consider all these policies. It is not within the province of this court to determine under this record what the city commission considered and what it did not consider. As stated in the Barclay case, courts must be ever mindful of their limitations in matters of this kind:

". . . the trial court capably stated the correct rule governing a situation where its only judicial duty is to consider the acts of an administrative body acting in a legislative capacity. That duty is to pass on the reasonableness thereof." (p. 466.)

From the entire record before us and by reason of all that has been stated herein we think the trial court did not err in holding the city commission did not act arbitrarily, capriciously, or unreasonably in denying the rezoning of plaintiffs' property from A to LC.

Affirmed.