No. 44,442

EDWARD B. MOYER, HELEN J. MOYER, JAMES B. MOYER and LIDDEY R. MOYER, *Appellees*, v. THE BOARD OF COUNTY COMMISSIONERS OF LYON COUNTY, KANSAS, *Appellee*, H. L. KENDIG and ROXANNA KENDIG, *Appellants*.

(415 P. 2d 261)

Opinion filed June 11, 1966.

*Norman E. Gaar* and *Alvin D. Shapiro,* both of Kansas City, Missouri, argued the cause, and *Elvin D. Perkins,* of Emporia, was with them on the briefs for the appellants.

*James W. Putnam* and *Richard Mankin,* both of Emporia, argued the cause, and *Jerry R. Demo,* of Emporia, was with them on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment in a mandamus action which stemmed from a zoning controversy.

A bypass designated I-35 is being constructed north of the city of Emporia, Kansas, extending east and west. There will be three limited access interchanges, one at Burlingame Road for the east side of Emporia; one at Highway 99 for the central business district, and one at Industrial Road for the west side of the town.

The plaintiffs own land at the intersection of Burlingame Road and the bypass. All of the land at this point, which was outside the city limits, was zoned "R-2" residential. The plaintiffs gave Phillips Petroleum Company an option to purchase their tract of land conditioned on a change in zoning so that a service station could be constructed thereon.

On July 7, 1964, plaintiffs' petition to have the land rezoned was refused by the Metropolitan Area Planning Commission of the city of Emporia and Lyon County. Plaintiffs renewed their request on December 9, 1964, and on February 9, 1965, the commission approved the request as to the east one-half of plaintiffs' land. On March 5, 1965, the Board of County Commissioners of Lyon County reversed the Area Planning Commission's decision and the land remained zoned for residence only.

On April 1, 1965, plaintiffs filed this action in mandamus alleging the decision of the Board of County Commissioners was unreasonable, arbitrary and capricious. On the trial of the case the adjoining landowners, appellants herein, appeared by their attorneys and offered to enter their appearance or intervene. Appellants' attorneys were permitted to sit at the counsel table and assist defendants' attorney. On July 15, 1965, the district court filed its memorandum opinion in which it found the act of the defendant, the Board of County Commissioners, in refusing to change the zoning to "CS" Highway Service District classification, unreasonable and discriminatory, and entered judgment for plaintiffs as to the east one-half of plaintiffs' land on July 22, 1965.

The attorney for the defendant, the Board of County Commis-

sioners, informed the adjoining landowners, appellants, that the Board would not file a motion for a new trial, neither would it file an appeal if the motion was denied. The adjoining landowners on July 27, 1965, filed a motion to intervene as defendants for the purpose of filing a motion for a new trial and perfecting an appeal if the motion for a new trial was denied. This motion was overruled.

The adjoining landowners have appealed challenging both the denial of the motion to intervene and the judgment on the merits.

At the outset we are confronted with appellees' motion to dismiss the appeal because the issues in the case have become moot.

Appellees contend that when the district court entered its order no effort was made to obtain a stay of execution and the county commissioners did change the zoning on the land in controversy; that the zoning is now an accomplished fact, and "that a reversal of that order in this court could not and would not in and of itself change the zoning of the subject property because such changes can be made only as prescribed by statute."

We cannot agree with appellees' contention. We take the view that if the district court entered an erroneous order which caused the Board to pass a zoning resolution which was contrary to its better judgment, both the court order and the zoning resolution could be and should be set aside if no detrimental change in circumstances has occurred in connection with the land due to appellants' failure to obtain a stay of the trial court's order pending appeal.

This court adheres to the rule that it will not consider and decide questions which if decided would not be applicable to any actual controversy and where the judgment itself would be unavailing. However, appeals will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned. (*Moore v. Smith*, 160 Kan. 167, 160 P. 2d 675 and cases cited therein.)

As will be demonstrated by the conclusion of this opinion effectual relief can be granted if the judgment should be reversed.

Appellants first complain of the judgment of the trial court refusing them permission to intervene when, following the judgment, the attorney for the Board of County Commissioners announced that he was not going to litigate further.

The appellees contend, and the trial court appears to have

concluded, that the motion to intervene was untimely, having been made after the judgment, and could not be allowed. We cannot agree with the contention under the facts and circumstances of this case.

At the commencement of the trial the County Attorney announced that he was appearing for the County Commissioners, and also appearing at the counsel table were counsel for Mr. Harold Kendig, the protesting landowner in the case. He also announced that he was associated as local counsel with counsel representing Mr. Kendig. In answer to a question by the court as in what capacity Mr. Kendig was appearing the following colloquy took place:

"Mr. Shapiro: Your Honor, we just understood that as a protesting land-owner, Mr. Kendig, has a right to be heard in this matter. If the court wishes, we will enter an appearance or perhaps under your rules, we might be able to ask for leave to intervene in this matter.

"The Court: The Court would not permit intervention sought in this manner. If you care to remain at counsel table to assist Mr. Demo, you may do so.

"Mr. Shapiro: Thank you, your Honor.

"The Court: The landowner will not be permitted to introduce evidence in this case since he is not a party to the action.

"Mr. Putnam: If it please the court, your Honor, the plaintiff also desires to point out that if the County Attorney is appearing on behalf of the County of Lyon and also on behalf of Mr. Kendig as stated for the record, that it is our position that there is a direct conflict of interest.

"The Court: Well, the Court recognizes the uniqueness of the situation, but will permit him to go forward."

It is clear that the court and all of the parties knew the interest which the appellants had in the case and that their interest was similar to and being represented by the defendant, the Board of County Commissioners.

The appellants contend that the adjoining landowners had the right to intervene when the Board refused to appeal from the judgment requiring a change in zoning which affected the value of the landowner's property. K. S. A. 60-224 (a), insofar as material here, provides as follows:

"Upon timely application anyone shall be permitted to intervene in an action: . . . or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; . . ."

There are three requirements for intervention under the above rule, i. e., timely application, inadequate representation by the existing parties and a judgment which is or may be binding.

Until such time as the county attorney announced that he was

not going to file a motion for a new trial and appeal the case if a new trial was denied, the adjoining landowners had been adequately represented by the Board of County Commissioners. On being informed of the defendant's intentions, the adjoining landowners filed their motion to intervene and attached thereto was a motion for a new trial all filed within ten days after the judgment. The requirement for "timely application" to intervene has no application under K. S. A. 60-224 (a) (2) until such time as adequate representation ceases.

We are forced to conclude that there was "timely application" as that term is used in the intervention statute.

The Board of County Commissioner's failure to take an appeal clearly demonstrates inadequate representation of the adjoining landowners. We do not wish to be understood as holding that to constitute adequate representation an appeal is necessary in every case. However, here we have an administrative body charged by the trial court with unreasonable and discriminatory conduct in the face of a strong presumption that the members properly performed their duties. The necessity of an appeal to protect the rights of the adjoining landowners will be more clearly demonstrated as we consider the record on the merits. Where the application is timely made intervention should be allowed after a final decree where it is necessary to determine some right which cannot otherwise be protected.

Although this court has not had occasion heretofore to pass on this specific question, the rule announced appears to be very generally applied. The United States Court of Appeals for the District of Columbia had before it the same factual situation involving a zoning dispute and stated in *Wolpe v. Poretsky*, 79 App. D. C. 141, 144 S. 2d 505, 508, cert. den. 323 U. S. 777, 89 L. Ed. 621, 65 S. Ct. 190:

"The application to intervene was timely. Intervention may be allowed after a final decree where it is necessary to preserve some right which cannot otherwise be protected. Here at least one of the rights which cannot be protected without intervention is the right of appeal. The court was, therefore, in error in denying appellants leave to intervene as a matter of right." (p. 144.)

Cases from other jurisdictions to the same effect are *Wags Transportation System v. City of Miami Beach, Fla.*, 88 So. 2d 751; *Bredberg v. City of Wheaton*, 24 Ill. 2d 612, 182 N. E. 2d 742, 747-748; *Esso Stand. Oil Co. v. Taylor*, 399 Pa. 324, 159 A. 2d 692, 696; *Colony Park, Inc. v. Malone*, 205 N. Y. S. 2d 166, 168; *Roosevelt v. Beau Monde Co.*, 152 Colo. 567, 384 P. 2d 96, 101-103.

Considering whether the appellants will be bound by the judg-

ment in the action, it seems clear that a judgment which affects a zoning order would bind adjoining property owners to the extent of taking away their right to an independent action based on the order. Otherwise, adjoining property owners could relitigate the issues in the case any time the plaintiff began construction, on the theory that their right to bring an independent action was not concluded by the decree. The practical result of such an interpretation would be to compel anyone bringing a suit like the present one to join all property owners who may conceivably be damaged. We believe that the Board of County Commissioners, in the absence of intervention by adjoining property owners, sufficiently represent their interest so that a decree setting aside a zoning order may bind them under the facts and circumstances of this case. (*Sabin v. Sherman,* 28 Kan. 289; *McDonald v. Joint Rural High School District No. 9,* 180 Kan. 563, 306 P. 2d 175.)

Approaching the consideration of the controversy on the merits we note appellees' suggestion that:

". . . Should this Court decide that the appellants should have been permitted to intervene in the District Court, then it would seem in accordance with our established procedure in this state that the matter should be returned to the trial court for hearing on the proffered new trial motion before review is sought here."

We conclude that the matter is properly before us for consideration on the merits. The record before the trial court was complete at the time the motion to intervene was denied. That record is now before us for review. The fact that a motion for a new trial has not been submitted to the trial court and considered by it is no bar to a review under the rules of this court applicable to the provisions of the new Code of Civil Procedure. Supreme Court Rule No. 6 (*d*), covering the statement of points on which the appellants intend to rely and which will be briefed, reads in part:

". . . An issue may be raised in the statement of points regardless of whether a motion for a new trial was filed . . ." (See, also, *Schoof v. Byrd,* 197 Kan. 38, 415 P. 2d 384.)

The appellants contend that the only issue before the trial court and the only issue before this court is whether the refusal of the Board of County Commissioners to amend the zoning regulation as requested was arbitrary, capricious, discriminatory or unreasonable. The appellants further contend that there was ample evidence to support the Board's refusal and therefore the trial court

erroneously substituted its judgment for that of the administrative body.

We are constrained to agree with appellants' contentions. However, before we proceed with a consideration of the facts it will be well to have before us the rules of law which will govern the extent of judicial consideration of the factual questions.

The courts must be ever mindful of their limitations in reviewing discretionary orders of administrative bodies. It must be understood that the Board of County Commissioners had the right to prescribe zoning, the right to change zoning and the right to refuse to change zoning. The power of the courts is limited to determining the reasonableness of the action taken by the Board. The court should not substitute its judgment for that of the Board and should not declare its action unreasonable unless clearly compelled to do so by the evidence. (*Rich v. City of Wichita,* 189 Kan. 323, 369 P. 2d 378.) There is a presumption that the Board acted fairly, reasonably and its act was not discriminatory. It is incumbent upon those attacking the action to show wherein the Board's action was unreasonable. (*Konitz v. Board of County Commissioners,* 180 Kan. 230, 236, 303 P. 2d 180.)

The appellants rely heavily on *Barclay v. Mitchum,* 186 Kan. 463, 350 P. 2d 1109 in support of the trial court's judgment. The case is hardly a precedent for the determination of the case now before us on the merits. The Barclay case was tried under the old Code of Civil Procedure and because of the failure to file a motion for a new trial this court was bound by the trial court's findings. The evidence was not properly before us for review. The case is largely a precedent for a procedural question under the old code.

With these limitations in mind we will consider facts which the Board had before it when it refused to rezone the land in controversy.

The Board of County Commissioners had before it the report of a firm of consulting engineers which had been hired by the City of Emporia to work out long range zoning plans and recommendations, and the firm had made the following suggestions as to the requested zoning. The tract is surrounded entirely by property zoned for residential purposes; rezoning would affect adjacent land value for residential purpose even if it were landscaped; the request would not promote orderly development and would materially affect the values of adjacent land; the proposed change would not promote the general welfare of the neighborhood or community

as the entire area is zoned for residential purposes; the requested change would not lessen traffic congestion; the proposed service station would burn lights all night which would be detrimental to existing and projected residential land use in the area; the requested change would have an adverse effect on surrounding property values; the requested change would not promote the orderly development of the neighborhood which had been planned on a long-range basis as residential; the highest and best use for appellees' tract and the surrounding areas is for residential purposes; there were adequate areas at the other interchanges for proposed service stations, and the Highway 99 interchange was preferred for a service station site.

There was a letter from the president of Kansas State Teachers' College stating that the northeast section of Emporia and the adjacent county area was zoned for residential purposes; it had been projected to remain residential in long range plans for the area, and it was preferred for residential in that it was relatively high ground and thus safe from occasional flooding.

There was also a pamphlet of the American Association of State Highway Officers sent to the Board by a letter of the State Highway Department which called attention to the problems of congestion created by having service station and highway service facilities immediately adjacent to entrances and exits to and from interstate highways.

The above facts are not directly refuted. The trial court made no findings contrary to the facts which were before the Board but found that:

"In 1964, the Emporia Country Club sold 2.7 acres of land located in the southeast quadrant of the interchange complex at Highway 99 to Ralph J. Hahn contingent upon a change in the zoning classification of the tract.

"Mr. Hahn filed an application with the Emporia-Lyon County Metropolitan Area Planning Commission to change the zoning classification of the above mentioned tract. After a public hearing, the Zoning Commission recommended that the change be made. On November 18, 1964, the Board of County Commissioners of Lyon County changed the Zoning classification of this tract from R-2 Multi-Family Residential to C-S Highway Service District.

⋅　⋅　⋅　⋅　⋅　⋅　⋅　⋅　⋅　⋅　⋅　⋅

"It is not possible to reconcile the action of the Board of County Commissioners in changing the zoning classification of the Hahn Tract on November 11, 1964, and its denial of the requested change in the zoning classification of plaintiffs' property on March 5, 1965."

It would appear that the trial court failed to recognize the distinguishing features between the Hahn tract and the tract in contro-

versy. These were well stated by the chairman of the Board of County Commissioners as well as other witnesses testifying for appellants.

The Hahn tract is over a mile distant from appellees' tract; there are no homes or residences within six-tenths of a mile from the Hahn tract; appellees' tract is surrounded entirely by residences; rezoning of the Hahn tract has no adverse effect on surrounding land values in that it is adjoined by a national guard armory on the south, a golf course on the west and college property on the east; rezoning of appellees' tract would severely and adversely affect surrounding land values or land use; lights burning all night on appellees' tract would adversely affect the current and projected use of the surrounding residential area; traffic leaving or entering the Interstate Highway to and from the city would pass the Hahn tract but would not pass appellees' tract, and the Hahn tract is on a state highway while appellees' tract is on a county road.

We fail to find anything in the record which indicates that the Board's refusal to change the zoning classification was unreasonable, arbitrary or discriminatory.

The judgment of the trial court should be reversed with instructions to declare void the Board of County Commissioners' resolution rezoning the land in controversy at the trial court's direction, and the Board should be left free to rezone or refuse to rezone the land in controversy as changed conditions have in its discretionary opinion made desirable.

It is so ordered.

APPROVED BY THE COURT.

SCHROEDER, J., dissenting: For the several reasons hereafter assigned, I must respectfully dissent.

It should first be noted the factual situation here presented is not the ordinary case where a landowner objects to the rezoning of a tract of land. This matter grows out of the new I-35 bypass highway which completely semicircles Emporia, Kansas, on the north. This bypass has only three interchanges for the city of Emporia. Interchange No. 1 is on the west of Emporia at Industrial Road. At this point there is considerable industrial development. Interchange No. 2 is with Highway No. 99 to the north of the city of Emporia. Interchange No. 3 is on the east of the city of Emporia at the intersection of Burlingame Road. It is the area around interchange No. 3 that is the subject of this lawsuit.

On the 19th day of January, 1961, an area at the corner of interchange No. 1 was zoned light industrial. On the 18th day of November, 1964, the area at interchange No. 2 was zoned for a highway service area.

Prior to the location of the bypass highway in question the area around interchange corner No. 3 was zoned residential. It was entirely outside the city limits in a rural area. On the south side of the bypass highway at interchange No. 3, there is located a combination filling station and food store.

Mr. Kendig owns a large acreage at the northeast corner of interchange No. 3. This tract is bounded by Burlingame Road on the west and the bypass highway on the south. He has subsequently acquired other tracts at this interchange.

It is at Mr. Kendig's instigation that the present controversy arises. He is a member of the Emporia-Lyon County Metropolitan Area Planning and Zoning Commission. After many months of consideration, the planning commission recommended that the tract owned by the Moyers (appellees) be rezoned for highway service. This was in keeping with the proper development of the bypass. Access rights had been acquired by the condemning authority to all land located on the bypass between the interchanges. Thus, it is only at these interchanges that there can be any service area for the traveling public on the interstate highway and those entering and departing from the highway. When the planning commission recommended the east one-half of the Moyer tract be rezoned (contrary to the wishes of Mr. Kendig who participated in the discussion and voting of the planning commission, in spite of a provision concerning conflict of interest denying him such privilege in the area planning ordinance), Mr. Kendig wrote a three-page letter to the county commissioners endeavoring to block the rezoning.

The county commissioners ignored the recommendation of the planning commission to rezone the east one-half of the Moyer tract and left it zoned as residential. This action was then filed by the Moyers to compel the county commissioners to rezone the tract in question for highway service use. The trial court, after hearing the case, ordered the county commissioners to rezone the Moyer tract.

Under all of the facts and circumstances presented by the record in this case, the reasons assigned by the trial court for denying the Kendigs the right to intervene after judgment were sound. In my

opinion, the order of the trial court denying the Kendigs the right to intervene should be affirmed.

In ruling upon the motion to intervene after judgment the trial court said:

"The Court: Gentlemen, in approaching this matter, I think it is important to state the events that have transpired in this matter in chronological order. In December, 1964, plaintiffs filed an application for a zoning change with the Metropolitan Planning Commission; and, at that time, the movants here were the owners of a farm of some 100 plus acres located directly across Burlingame Road from the tract in question; and, at that time, they also owned an irregular tract of approximately two acres just south of the tract in question. The hearing on the plaintiffs' application for a zoning change was heard on January 12, 1965; and, on this same date, the movants purchased a tract north of the tract in question but not contiguous to it. On February 17, 1965, the Planning Board recommended to the Board of County Commissioners, the defendants in this case, that a zoning change be made from Residential Zone to C-7 Service Station zoning. A few days later, and on the 20th of February, 1965, the movants purchased a 5-acre tract which is immediately contiguous to this tract on the north; and, this particular tract was owned by one of the plaintiffs' parents. On March 5th, the County Commissioners refused to make the zoning change as recommended by the Planning Board; and, this action was filed April 1, 1965. The case was set for trial on April 9, 1965. *Sometime between April 1, and April 9, the movants employed counsel, Mr. Shapiro— he was present at the time of the hearing—also, one of his associates, a Mr. Smith. Mr. Kendig was a witness at that hearing.* At the conclusion of the hearing, the Court informed counsel for the parties that they could file requested findings of fact, and such requested findings of fact should be filed by June 1, 1965. Sometime after the 1st of June, 1965, Mr. Demo, Lyon County Attorney, asked the Court for additional time in which to file requested findings; and, the time for the filing of requested findings was extended to July 1, 1965. The defendants filed requested findings of fact on June 29, 1965. The Court decided this case on July 15, 1965, and prepared a memorandum opinion which contained the reasons for its decision. The final judgment was entered of record on July 22, 1965. The movants' motion to intervene was filed on July 28, 1965. *The movants could have filed a motion to intervene at any time after April 1, 1965, but they did not choose to do so.* Counsel for the movants have urged upon the Court that consideration be given to the case of Wolpe versus Poretsky, which is mentioned in Judge Gard's commentary following Section 60-224. The Court is familiar with this case; and, as stated by counsel for the parties, the factual situation in the Wolpe case and the instant case are not analogous, but counsel for the movants insist that the Court apply a very literal interpretation to the language used by Judge Gard.

"The rule of law that appeals to the Court in regard to the circumstances here is as follows: In the absence of a specific statutory provision fixing the time in which the right to intervene must be exercised, the timeliness of an intervention is governed by equitable principles. I think counsel for the plain-

tiffs read from the opinion in the case of Gibson against Ferrell, which is in Volume 77, Page 454 of the Kansas Reports, and the Court feels that the language used by the court in this opinion on Page 457 is applicable to the situation that we have here. It reads as follows: "So far as the motion discloses the applicant may have been sitting by during the entire period the suit was pending, watching the progress of events, waiting to see what would develop, and only after the end had been reached and he found the result to be unsatisfactory did he conclude to try his own hand. The motion having been addressed to the discretion of the Court, its ruling cannot be reversed without a clear showing that it abused its authority. Manifestly the applicant withheld altogether too much for this to be said.' *The Court feels that the movants had an opportunity to file a motion to intervene prior to the entry of final judgment in this case, and to grant the movants the right at this time to intervene here would injuriously affect the plaintiffs' rights.* The motion is overruled." (Emphasis added.)

It is apparent the appellants are not proceeding under the provisions of K. S. A. 60-224 (*b*) which deal with permissive intervention, but upon subsection (*a*) of 60-224, *supra*, which deals with a *party's right to intervene in an action.* The court in construing this section of the statute holds that the requirement for "timely application" to intervene has no application under 60-224 (*a*), *supra*, until such time as adequate representation ceases.

As authority, the court relies upon *Wolpe v. Poretsky*, 79 U. S. App. D. C. 141, 144 F. 2d 505, 508, cert. den. 323 U. S. 777, 89 L. Ed. 621, 65 S. Ct. 190, decided in the United States Court of Appeals for the District of Columbia. Concerning the *Wolpe* case the court says it had the same factual situation involving a zoning dispute as the instant case. Even counsel for the appellants, Mr. Shapiro, concedes the *Wolpe* case is factually distinguishable. He said:

". . . on the Wolpe case—we will certainly admit that the facts were not the same in that case as they are here, and that they could readily be distinguished. . . ."

I think the fallacy of the court's position is illustrated by Syllabus ¶ 4 and the corresponding portion of the opinion, when it says, "We believe that the Board of County Commissioners, in the absence of intervention by adjoining property owners, sufficiently represent their interest so that a decree setting aside a zoning order may bind them under the facts and circumstances of this case." (p. ____.)

If this is true all adjoining property owners who did not intervene in this case are bound by the judgment of the district court which ordered the county commissioners to rezone, and the subsequent action of the county commissioners in rezoning the property is binding upon those who did not intervene. Under these circumstances, how can it be said the one adjacent property owner seeking

to intervene after judgment is entitled to affect the rights of all other adjoining property owners whose interests are adverse?

The point is emphasized by the facts in this case. Finding No. 7 of the trial court, which is not challenged, reads:

"On December 9, 1964, plaintiffs filed their application with the Emporia-Lyon County Metropolitan Area Planning Commission asking that the property described in Finding No. 1 be re-zoned from the R-2 Multi-Family Residential District to the C-S Highway Service District. A public hearing was set for January 12, 1965, and notice of said hearing was duly published. *At the hearing, on January 12, 1965, before the Planning Commission, a petition signed by fourteen property owners or residents of property in the vicinity of the plaintiffs' property requesting that the zoning change be made was presented to the Planning Commission. There was no person present at the hearing who voiced opposition to the requested change in zoning.* On February 17, 1965, the Planning Commission recommended to the Board of County Commissioners of Lyon County that the east one-half, or approximately 2.5 acres, of plaintiffs' property be changed from the R-2 Multi-Family Residential zone to the C-S Highway Service zone." (Emphasis added.)

In my opinion, the assumption of the court that the county attorney, who represented the county commissioners in this matter, adequately represented the Kendigs, who were individual landowners, until after judgment in this case, is unwarranted. For example, counsel representing the Moyers and the board of county commissioners in this case could have agreed to settle the matter during the trial by the county commissioners agreeing to rezone upon dismissal of the action by the plaintiffs. Under such circumstances, the trial court would have no alternative but to dismiss the action, in which event the Kendigs would have no right of intervention whatever. Had this been the situation, the county attorney would have been under no obligation whatever to consult with the Kendigs or their attorneys prior to such settlement of the case.

It is readily apparent the interest of the Kendigs is in conflict with the interests of other property owners and with the interests of the county commissioners, who were defending their decision in this case. The Kendigs are looking after their own individual interests, while the county commissioners are obligated to represent the public interest.

The decision, in my opinion, therefore turns upon whether or not timely application was made by the appellants to intervene.

The colloquy set forth between counsel for the appellants and the trial court upon their first appearance in court can hardly be construed as a motion to intervene, and the trial court did not so consider it. Counsel's statement, "we might be able to ask for leave to intervene in this matter" is definitely not a motion to intervene. The

trial court's reply—that it would not permit intervention sought in this manner—was entirely within its province. (See, *Noll v. Schnebly,* 196 Kan. 485, 413 P. 2d 78.)

Counsel for the appellees, the Moyers, made their position clear from the beginning, that if the county attorney who was appearing on behalf of Lyon County, was also appearing on behalf of Mr. Kendig, as stated for the record, that such dual representation constituted a direct conflict of interest.

Under these circumstances the trial court was correct in holding that the appellants' motion to intervene after judgment came too late, the appellants having waived their right to intervene by sitting idly by during the trial, when they were not only present, but where Mr. Kendig himself testified in the case, and in a matter where the Kendigs well knew they would be bound by the judgment ultimately entered by the trial court.

Even if it be assumed that the appellants had a right to intervene in this case after judgment, as held by the court, the appellants should not be permitted to intervene and to continue litigation of this character for a period of possibly two years, to the detriment of the Moyers, without giving a stay bond. The rights of parties to a lawsuit are not all on one side in the case. Here, for example, the county commissioners after judgment announced they would not file a motion for new trial or appeal, and rezoned the tract in accordance with the recommendation of the planning commission. They did not appeal but acquiesced in the judgment. This court has gone further than most courts in holding a party bound by an acquiescence in the judgment. Even the payment of court costs has been held to constitute an acquiescence in the judgment by a party. (*Gehring v. Goering,* 181 Kan. 994, 317 P. 2d 424.)

The court by its decision is now attempting to undo activity occasioned by the judgment, where no stay bond has been given, all to the detriment of the Moyers. Nowhere in the record does it appear the appellants have ever posted any bond by reason of their action to gain a favorable decision as to the zoning of the Moyer tract. They were not parties prior to the entry of judgment.

It is respectfully submitted the appeal should be dismissed for the reasons heretofore assigned.

Assuming the appellants are here on appeal, the trial court should be affirmed in its decision on the merits.

The trial court found that the action of the county commissioners which reversed the planning commission on the question of rezon-

ing the Moyer tract was unreasonable. It is apparent from the record that the trial court in so ruling relied upon the decision of this court in *Barclay v. Mitchum,* 186 Kan. 463, 350 P. 2d 1109.

The court in its opinion attempts to brush the *Barclay* case off as one determining a procedural question under the old code. This decision cannot be so easily reconciled. There the trial court specifically found the city commissioners had granted another landowner's application for the rezoning of his property in the immediate area to permit the erection of an apartment building, but denied the application for a similar zoning change of property to the appellee. This finding was held sufficient to support a judgment of the trial court which ordered a rezoning of the appellee's property. The Supreme Court's affirmance of the trial court amounts to a square holding which cannot be diluted. The case stands for the proposition that where city commissioners authorize a rezoning of property owned by one applicant, it is unreasonable upon application to deny the same kind of rezoning of another's property similarly situated.

It is not the function of appellate review to reweigh the evidence before a trial court. It has nearly always adhered to the rule that it is bound by the findings made by the trial court, if such findings are supported by the evidence.

The residential character of the property located at interchange No. 3, all of which is outside the city limits, was unquestionably altered by the location and construction of the I-35 bypass. The long-range zoning plans of the city of Emporia must therefore be viewed under these changed conditions. There was a combination grocery store and service area on the south of the bypass highway at this interchange, and the Moyer property on the north was similarly situated to the Hahn tract in the immediate area of the interchange which was zoned as a highway service area. By reason of access rights which were acquired at the interchange in question, the Moyer tract on the north of the bypass highway was the first tract available to traffic approaching from the east as a public service area.

In my opinion the record presents sufficient evidence to uphold the trial court's finding that the action of the county commissioners in denying the Moyers' application for rezoning was arbitrary and unreasonable. The trial court who heard the witnesses and saw them testify was in a far better position to appraise and evaluate their testimony than is this court. It is respectfully submitted the judgment of the lower court should be affirmed on the merits.