No. 45,629

ARTHUR CRETEN and A-1 MOBILE HOMES VILLAGE, INC., *Appellants,*
v. THE BOARD OF COUNTY COMMISSIONERS OF WYANDOTTE COUNTY,
KANSAS, TEXTILANA NEASE, INC. and ALBERT C. BECKER, *Appellees.*

(466 P. 2d 263)

Opinion filed March 7, 1970.

*Robert S. Lemon,* of Kansas City, argued the cause, and was on the brief
for the appellants.

*Robert J. Foster*, of Kansas City, argued the cause, and was on the brief for the appellee, The Board of County Commissioners.

*Edward H. Powers*, of Kansas City, argued the cause, and was on the brief for the appellees, Textilana Nease, Inc. and Albert C. Becker.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the district court of Wyandotte County, Kansas, sustaining the action of the board of county commissioners which denied an application for a "special permit" to construct and operate a mobile homes park at 88th and Kaw Drive in Wyandotte County, Kansas.

The primary question on appeal concerns the reasonableness of the action taken by the board of county commissioners.

This is not strictly an action to secure "rezoning" of a tract of land. The Wyandotte County zoning regulations adopted by the board of county commissioners have a provision that requires a "special permit" for the operation of an auto truck park, junk yard or a "mobile home park." While this case involves only the issuance of the "special permit" and not the rezoning of land, the same rules of law apply in reviewing the administrative proceeding. (See K. S. A. 19-2901, *et seq.;* and *Scherrer v. Board of County Commissioners,* 201 Kan. 424, 441 P. 2d 901.)

By a unanimous vote the Wyandotte County planning board after considering the matter at two hearings approved the application for a "special permit" and recommended that it be granted on the ground "the County is in need of more residences and could use the additional facilities."

The board of county commissioners of Wyandotte County considered the matter at two meetings and unanimously denied the application for a "special permit," thereby refusing to follow the recommendation of the county planning board. Thereafter the applicant requested a rehearing before the board of county commissioners, and after granting a hearing the request for a "special permit" was again denied.

The applicant then filed an action in the district court under the provisions of K. S. A. 1969 Supp. 19-2926 to have the reasonableness of the action of the board of county commissioners determined.

The journal entry filed in the trial court on the 22nd day of April, 1967, discloses that Textilana Nease, Inc., a corporation, and Albert C. Becker were permitted to intervene as parties defendant,

and the trial court thereafter denied the application of the plaintiffs to have the action of the board of county commissioners declared unreasonable, arbitrary and capricious. Hence this appeal.

The trial court after hearing the evidence presented by the parties and after examining the exhibits introduced found as follows:

"That plaintiff Arthur Creten is the record owner of the real estate concerned in this action generally described as follows, to wit:

A 75 acre tract on the East side of 88th Street and South of K-32 highway and South of the Union Pacific right-of-way, being identified as Tract No. 526 A-1 containing 35 acres and Tract No. 517 A-1 consisting of 40 acres;

and that A-1 Mobile Homes Village held an option to purchase said real estate. That the plaintiffs, in August, 1967 made application to the Board of County Commissioners of Wyandotte County, Kansas for a special permit for the installation of a Mobile Homes Park on the real estate above described. That on the 3rd day of November, 1968 said application was approved by the Planning Commission of Wyandotte County, Kansas, and said recommendation was directed to the Board of County Commissioners, which board, after a hearing and a view of the property concerned overruled said Planning Commission and denied said permit on the 20th day of November, 1967. That upon motion of plaintiffs for a rehearing by said commissioners, said board again denied such permit on the 4th day of January, 1968, stating that no new evidence had been presented which would cause said board to reverse its decision. That the evidence upon which the preceding findings have been made was undisputed by the parties hereto.

"The court finds from the evidence that the major access to the property concerned intersects with the mainline of the Union Pacific Railroad, such situation constituting a hazard detrimental to the establishment of a mobile home residential area on subject property.

"The court further finds that the Textilana Nease Chemical Company to the immediate West of subject property, emits unpleasant odors and maintains a lagoon of water adjacent to said plant which is a residue of the chemical processes of said company, all of which would constitute a hazard and nuisance to a Mobile Home Park on plaintiff's real estate.

"The court further finds that the real estate concerned is subject to overflow of water and that as a result water stands on said property.

"The court further finds that the property concerned has a heavy industrial zoning classification and that it would be unreasonable to establish 500 families in said industrial area under the conditions heretofore found to exist with reference to this specific property.

"The court further finds that a large protest petition was signed and filed by persons living and owning property in the vicinity of the real estate concerned. The Court finds that from the evidence that although the reasons for which said County Commissioners voted against the issuance of said permit did not appear in the minutes of said commissioner's meeting that said matters had been discussed by said commissioners in executive session.

"The court finds that the action of the County Commissioners of Wyandotte County, Kansas, in denying the permit concerned was a reasonable and proper exercise of their administrative authority, and that such action was in no wise unreasonable, arbitrary or capricious."

The appellants, Arthur Creten and A-1 Mobile Homes Village, Inc., first contend the board of county commissioners, sitting as an administrative body, failed to make specific finding of fact or give any explanation to justify its conclusion in overruling the action of the county planning board.

The appellants rely on *Kansas Public Service Co. v. State Corporation Commission*, 199 Kan. 736, 433 P. 2d 572, for the proposition that administrative bodies must make findings of fact upon which they rely to arrive at their decision.

While it is true courts would be materially assisted in the review of decisions by administrative agencies if such agencies stated the reasons for their decision, this requirement has not been held mandatory by our decisions. The case upon which the appellants rely involved action by the state corporation commission which had promulgated and adopted its own rules. These rules had been published and had the force and effect of law. The question there posed was whether the commission's order complied *with its own rules*. The court found the commission's rules of practice and procedure, particularly Rule No. 81-1-232, provided that the commission should make a summary of the evidence and findings of fact and conclusions of law. In that respect the corporation commission had failed to conform to its own rules, and the case was remanded to the district court with instructions to issue an order setting aside the order of the state corporation commission, and to remand the case to the commission for further proceedings consistent with the court's opinion.

The decision in *Kansas Public Service Co. v. State Corporation Commission*, supra, does not control the point here asserted by the appellants. There is nothing in the statutes of Kansas pertaining to zoning procedure by boards of county commissioners which even approaches the rule of the Kansas corporation commission. Basically, the statute provides that the board of county commissioners must make a decision, and in the exercise of its discretion in zoning matters its decision must be reasonable. It further provides for an appeal if, in the opinion of the person or persons affected, that decision is unreasonable. (K. S. A. 1969 Supp. 19-2926.)

The record contains the testimony of the three county commis-

sioners of Wyandotte County relative to this application for a "special permit." All three commissioners testified they voted against the application for a "special permit," stating among the reasons:

1. That a very dangerous unprotected railroad crossing had to be crossed to approach the property concerned.

2. That there was a stagnant odorful lake or lagoon maintained by the chemical company immediately adjacent to the land in this case.

3. The chemical plant itself on the real estate adjoining the property could operate as a nuisance to persons living in mobile homes.

4. That the land involved was located adjacent to the river, and that the river overflows on the land and that when the Commissioners inspected the property water was standing on same.

5. That there was overwhelming protest against this project from the immediate area in which the land was located, and that all adjoining owners protested.

One of the county commissioners testified the minutes of the county commissioners' meeting when the decision was made did not contain all of the dialogue at the meeting. It was disclosed the commissioners mentioned the reasons why the petition should be denied in discussing the matter.

The appellants next contend the board of county commissioners, in establishing a regulation applicable to the appellant Creten's property, was so restrictive, unreasonable and unfair that it constituted arbitrary action.

To support this charge the appellants rely upon testimony of Mr. Creten to the effect that he has owned the property in question for some twenty or twenty-five years; that he has retired and discontinued farming because of age and economic reasons; that he has an option to sell the seventy-five acres at $1,900 per acre, subject to obtaining the "special permit" in question for a mobile homes park; and that it is zoned for heavy industrial purposes and has remained in this zoning classification since November 12, 1943. Thereupon it is argued the board of county commissioners denied the application for a special permit, without reviewing this restriction on the appellant Creten's land and in failing to give consideration to the change in land use. This, it is said, "constitutes inaction

or omission which contribute to an unreasonable restriction on the property involved."

The appellant Creten's evidence tended to show his land had a value of $500 per acre for agricultural use, and $1,500 to $2,500 per acre for mobile homes use. There was testimony of real estate appraisers that the highest and best use for the appellant Creten's land would be for a mobile homes park.

Another expert testified there were twenty thousand acres of land in Wyandotte County zoned for heavy industry that have never been used for such purpose, and that such zoning regulation constitutes an unrealistic restriction on the use of the land. The appellants' evidence further showed a need for additional medium housing, and that there has been a significant increase in the required number of mobile homes to the point where they constitute a very significant portion of new family housing starts.

The appellants also rely upon the fact that a mobile homes village at 59th and Kaw Drive by A-1 Mobile Homes was established where the zoning was heavy industrial, and a special permit was granted approximately five years ago. This location is approximately twenty-nine blocks away from the property in question.

Based upon the appellants' evidence, they argue the refusal to grant a special permit for a mobile homes park at this location is discriminatory, inequitable and contributes to the inescapable conclusion this was unreasonable action on the part of the county commissioners.

No question is raised by the appellants as to the admissibility of evidence and the manner in which the trial court conducted the proceeding. Generally, it may be said the proceeding was conducted consistent with the prior decisions of this court. (*Bodine v. City of Overland Park*, 198 Kan. 371, 424 P. 2d 513; and *Keeney v. City of Overland Park*, 203 Kan. 389, 454 P. 2d 456.)

An expert witness for the appellees testified the land concerned herein was worth $1,500 to $2,500 per acre for mobile home use, but for industrial use was worth $15,000 per acre. This testimony would tend to indicate the industrial classification for the land owned by Creten was not only reasonable, but that he was not the victim of confiscation because of the continued reservation of his land for industrial use by the county.

Generally it may be said the evidence presented at the trial sustained the findings of the trial court.

In actions of this nature courts are limited to passing on the reasonableness of the action taken by the county commissioners. The plaintiff in such an action has the burden of establishing his cause of action by a preponderance of the evidence, and it is incumbent upon those attacking the action of the governing body to show the unreasonableness of such action. A court may not substitute its judgment for that of the governing body and should not declare the action of the governing body unreasonable unless clearly compelled to do so by the evidence. There is a presumption that the governing body acted reasonably, and it is incumbent upon those attacking its action to show the unreasonableness thereof. (*Bodine v. City of Overland Park,* supra; and *Keeney v. City of Overland Park,* supra.)

There is no testimony in the record that the industrial area concerned could not be feasibly developed for industry. The fact that large tracts of land had been reserved for industrial use does not show the action of the county commissioners in denying the permit unreasonable. The land in question lies adjacent to the river and adjacent to the main line of the Union Pacific Railroad and is ideal for industrial development. The planning consultant for the city of Kansas City, Kansas, who was a witness for the appellants, testified:

"The present practice of placing these courts in industrial areas raises some serious questions; if we subscribe to the belief that all living units should be provided with reasonably good environment, the ability to attain this environment in an industrial area is seriously limited, if in fact possible at all."

It is not confiscatory to adopt a plan for land use development and to maintain that plan for development in an area where such development is possible. To abandon such plan for a single project in light of all the circumstances presented by the evidence herein is not required. Here abandonment of the plan would create a situation where homes and children would be placed in an industrial area next to a chemical plant which emitted odors and discharged chemicals into a stagnant lagoon. The area could be reached only by crossing an unprotected railroad crossing which passes forty-one trains in a given day; and the area is subject to overflow waters from the river.

The action of the county commissioners was not unreasonable because it had previously issued a special permit for a mobile homes park several miles east of the property in question under conditions which were dissimilar to those here presented.

Upon the record presented in the instant case, we cannot say the action taken by the board of county commissioners was unreasonable. The evidence supports the findings of the trial court, and they in turn support the action of the board of county commissioners.

The judgment of the lower court is affirmed.

FATZER, J., concurring: I concur in the court's affirmance of the judgment in this case, but the opinion unduly restricts the application and holding in *Kansas Public Service Co. v. State Corporation Commission*, 199 Kan. 736, 433 P. 2d 572. The opinion implies the question posed in *Kansas Public Service*, supra, was whether the commission complied with its own rules. A reading of the syllabus and the opinion will disclose more than the State Corporation Commission's Rules of Practice and Procedure were involved.

The reasons for requiring the findings of basic facts by an administrative agency before which evidence is introduced and a record is made and upon which record judicial review occurs, are stated and set forth in *Kansas Public Service*, supra, to the effect that it is the responsibility of such an agency to express the basic findings on which it relies with sufficient specificity to convey to the parties, as well as to the courts, an adequate statement of the facts which persuaded the commission to arrive at its decision. In the opinion it was said:

"Not only does Rule No. 82-1-232 (*a*) require that the Commission make basic findings of fact to support its conclusions of law, but also that requirement has been imposed by this court to facilitate judicial review . . ." (l. c. 745.)

I would distinguish *Kansas Public Service*, supra, from the instant case upon the grounds that no record of evidence before the Board of County Commissioners was made, nor did the district court review the board's action on the evidence before it. The statute (K. S. A. 1969 Supp. 19-2926) requires that the complaining party bring an action in the district court to test the reasonableness of the act or regulation in question.