No. 46,751

CITY OF COLBY, KANSAS, *Appellee,* v. TOMMY S. HURTT, *Appellant*

(509 P. 2d 1142)

Opinion filed May 12, 1973.

*Jack L. Burr,* of Goodland, argued the cause, and *Selby S. Soward,* of Goodland, was with him on the brief for appellant.

*Gary E. Cooper,* of Colby, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from a conviction under a zoning ordinance restricting the location of mobile homes. The facts are not in dispute.

In 1969 the governing body of the city of Colby adopted an ordinance providing for the location and services for mobile homes. The ordinance is too lengthy to be presented in full, but it is sufficient to say mobile homes were restricted to designated areas. We quote the three pertinent sections:

"22-201 . . . After adoption of this Ordinance, no mobile home, as herein defined, shall be located in any area within the corporate limits of the City of Colby, Kansas, excepting in such areas as may be acted on by the Colby-Thomas County Metropolitan Area Planning Commission as mobile home

communities and permission for such granted by the Governing Body of the City of Colby. Any such mobile home community may be established and operated only in compliance with the procedures and requirements set forth herein."

The provision defining mobile homes reads:

"22-202 . . . (a) MOBILE HOMES: A vehicle used, or so constructed as to permit being used as conveyance upon the public streets or highways, and constructed in such a matter as will permit occupancy thereof for human habitation, dwelling or sleeping places for one or more persons, provided further that this definition shall refer to and include all portable contrivances used or intended to be used generally for living and sleeping quarters and which are capable of being moved by its own power, or of being towed or transported by another vehicle, and regardless of whether such vehicle is dismounted from its wheels or placed on a permanent foundation. Provided further, that this Ordinance shall not apply to those prefabricated or module units transported over highways only for location at a permanent construction site."

A provision defining a "mobile home community" in which a mobile home could be lawfully placed, states:

"(b) . . . Any area, tract or site or plot of land whereupon a minimum of ten mobile homes (as herein defined) are placed, located or maintained for dwelling places either on permanent, semipermanent or temporary basis. This definition will apply whether or not occupied with compensation to the permittee or owner of said mobile home community and includes any accessory buildings used or intended to be used as part of the equipment thereof."

The ordinance contained other provisions for the convenience, health and welfare of those locating in mobile home communities.

The appellant is the owner of a 1964 model Van Dyck mobile home, twelve feet by sixty feet, which he placed at its present location at 735 East Summitt Street, Colby, Kansas, on August 25, 1970. The mobile home has its wheels removed and is placed upon railroad ties and leveled with cinder blocks which were placed beneath the perimeter of the mobile home to form a foundation upon which the structure rests. It is supplied with water and electricity by the city of Colby in that the appellant has hooked onto the customer's side of his father's water and electric meters. It has a septic tank sewer system and is currently using bottled or L. P. gas.

The mobile home is located on a seven acre tract of land owned by the appellant's father, Tom Hurtt, Sr. The tract is located in Southview Addition to the city of Colby. The Addition is separated from the city proper by the Union Pacific Railroad right-of-way on the north and west; it is bounded on the east by the city limits, and on the south by a cemetery and a large tract of land owned

by the city. It is platted and contains approximately 26 square blocks. The area is zoned for light industry, but remains unimproved except for three residential homes and the mobile home in question.

Nine mobile home communities have been granted permits by the governing body of the city of Colby. However, those mobile home communities do not comply in all respects with the requirements of the present ordinance since they were established before its adoption.

Prior to placing his mobile home at 735 East Summitt Street, the appellant appeared before a representative of the city, asking for permission to locate his mobile home at its present location. The appellant was shown a copy of Section 22-201 of the ordinance and was informed he could not so locate his mobile home. Notwithstanding the advice from the city official, the appellant located his mobile home at its present location. On September 1, and September 10, 1970, the city notified the appellant by letters that he was in violation of the city ordinance. On September 23, the appellant requested a variance from the Board of Zoning Appeals, and the following day the Board unanimously denied his request.

On November 23, 1970, a complaint was filed in the police court charging the appellant with a violation of Section 22-201. On December 1, 1970, he was tried, found guilty, fined $100, and fined an additional $10 per day for each day of noncompliance with the ordinance.

On December 2, the appellant filed his notice of appeal to the district court of Thomas County where the conviction was affirmed. In a memorandum opinion the district court stated in part:

"The argument of the appellant is based largely on the [un]reasonableness of the ordinance.

"No cases specifically in point were furnished the Court, and the Court has found none. The Court has determined the ordinance to be reasonable. The argument of the appellant turns largely on the wisdom, sagacity, and good judgment of the city governing body. That is not a question for the Court to consider. The Court should not and must not substitute its judgment for that of the governing body."

The appellant then perfected this appeal. Although he sets out five points of error, the main thrust of his complaint is that the ordinance is unreasonable and arbitrary, and, therefore, unconstitutional.

It is the rule of law in this jurisdiction relating to reasonableness of zoning ordinances that a court may not substitute its judgment

for that of the governing body. In *Moyer v. Board of County Commissioners*, 197 Kan. 23, 415 P. 2d 261, it was said:

"The courts must be ever mindful of their limitations in reviewing discretionary orders of administrative bodies. It must be understood that the Board of County Commissioners had the right to prescribe zoning, the right to change zoning and the right to refuse to change zoning. The power of the courts is limited to determining the reasonableness of the action taken by the Board. The court should not substitute its judgment for that of the Board and should not declare its action unreasonable unless clearly compelled to do so by the evidence. (*Rich v. City of Wichita*, 189 Kan. 323, 369 P. 2d 378.) There is a presumption that the Board acted fairly, reasonably and its act was not discriminatory. It is incumbent upon those attacking the action to show wherein the Board's action was unreasonable. (*Konitz v. Board of County Commissioners*, 180 Kan. 230, 236, 303 P. 2d 180.)" (l. c. 29.)

The above rule was quoted with approval in *Scherrer v. Board of County Commissioners*, 201 Kan. 424, 441 P. 2d 901. Again, in *Creten v. Board of County Commissioners*, 204 Kan. 782, 466 P. 2d 263, we stated:

"In actions of this nature courts are limited to passing on the reasonableness of the action taken by the county commissioners. The plaintiff in such an action has the burden of establishing his cause of action by a preponderance of the evidence, and it is incumbent upon those attacking the action of the governing body to show the unreasonableness of such action. A court may not substitute its judgment for that of the governing body and should not declare the action of the governing body unreasonable unless clearly compelled to do so by the evidence. There is a presumption that the governing body acted reasonably, and it is incumbent upon those attacking its action to show the unreasonableness thereof. . . ." (l. c. 788.)

There appears to be no case in this state which has decided this particular question. Nonetheless, we are of the opinion the ordinance under consideration bears a substantial relationship to public health, safety, and general welfare.

Mobile homes are used for residences but they possess special characteristics which warrant their separate regulation. They involve potential hazards to public health if not properly located and supplied with utilities and sanitary facilities. Mobile homes scattered promiscuously throughout the residential district of a city might well stunt its growth and certainly stifle development of an area for residential purposes.

A careful study of the record convinces this court that the appellant has failed to produce any evidence which tends to show the ordinance was not enacted to promote the health and general welfare of the citizens of the city, conserve the value of property, and encourage the most appropriate use of land.

The appellant next contends the ordinance violates his right to the use and enjoyment of his property and constitutes a taking of his property without due process of law. The point is not well taken. The ordinance was a proper exercise of the police power in protecting the public health, safety, and general welfare of the citizens of the city of Colby. In *Martin v. Davis*, 187 Kan. 473, 357 P. 2d 782, appeal dismissed 368 U. S. 25, 7 L. Ed. 2d 5, 82 S. Ct. 1, we stated:

" . . Regulations are not unconstitutional merely because they operate as a restraint upon private rights of persons or property, or will result in a loss to individuals. The infliction of such loss is not a deprivation of property without due process of law—the exertion of the police power upon objects lying within its scope in a proper and lawful manner is due process of law. Hence, the police power may be exerted as a restraint upon private rights of persons or to regulate the use of property, and where appropriate or necessary, prohibit the use of property for certain purposes in aid of the public safety and general welfare, and constitutional limitations form no impediment to its exercise where the regulation is reasonable and bears a fair relationship to the object sought to be attained. . . ." (l. c. 484.)

Other alleged errors have been considered and found to be without merit. Those wishing to research the question further should see *State v. Murray*, 471 S. W. 2d 460 [Mo. 1971], a case clearly in point, where it is stated in the headnote:

"1. Zoning ordinance which defined 'single family dwelling' in such manner as to prohibit occupying of trailers and mobile homes in places other than mobile home parks and thereby precluded owners from occupying house trailer as dwelling on lot located in residence district bore substantial relationship to public health, safety, morals or general welfare, was not clearly arbitrary and unreasonable, and was not unconstitutional. . . ." (p. 460.)

In the opinion it was said:

" '. . . It is our view that the provisions of the zoning ordinance prohibiting the location of trailers in residence districts and placing plaintiff's lot in a residence district bears a reasonable relationship to the purposes of zoning,' and that 'prohibition of trailers as residences at other than duly licensed trailer parks or camps is a reasonable exercise of the police power, designed to promote the general health, safety and welfare of the municipality by assuring that adequate provisions are made for drainage, sewerage facilities, water and lighting of trailers and operates to centralize and facilitate enforcement of the aforesaid requirements.' 150 A. 2d 487, 488, 489. A similar ordinance was held to be constitutional in *Cooper v. Sinclair* [Fla.], 66 So. 2d 702. In so ruling the court stated that '[t]he enactment of an ordinance which requires that house trailers used and occupied for living quarters be located in certain designated areas is a reasonable exercise of police power and in direct pursuance of the authority conferred on municipalities to adopt regulations designed to "promote health and general welfare" . . . Appellant has failed to

show that the ordinance here in question is not better calculated to promote the health and general welfare of the citizens of Lakeland, to conserve the value of properties, and to encourage the most appropriate use of land, than would be the case where indiscriminate parking and use of trailers permitted throughout the city.' 66 So. 2d 705, 706. Other cases which tend to support our decisions are *Town of Manchester v. Phillips,* 343 Mass. 591, 180 N. E. 2d 333; *Town of Southport v. Ross,* 284 App. Div. 598, 132 N. Y. S. 2d 390; *Livingston Township v. Marchev,* 85 N. J. Super. 428, 205 A. 2d 65; *Town of Granby v. Landry,* 344 Mass. 443, 170 N. E. 2d 364, and *People v. Clute,* 18 N. Y. 2d 999, 278 N. Y. S. 2d 231, 224 N. E. 2d 734." (pp. 462, 463.)

The judgment is affirmed.