Philip E. Winter Lyon County Counselor Lyon County Courthouse 430 Commercial Emporia, Kansas 66801
Dear Mr. Winter:
As Lyon County Counselor you request our opinion on matters concerning the authority of the County to adopt a new sanitory code pursuant to K.S.A. 19-3701 et seq. regulating abandoned or inactive water wells and cisterns. You enclose a copy of the proposed county code and note that county authority with regard to this code has been questioned. Thus, you ask us to respond to three specific questions:
 1. Does the Board of County Commissioners of Lyon County, Kansas, acting under K.S.A. 19-3701 as a county board of health, and having a full-time sanitarian, have authority to regulate the plugging of abandoned and unused water wells and cisterns?
 2. Does the Secretary of Kansas Department of Health and Environment (KDHE) have authority over this type of unused or abandoned water well or cistern?
 3. Is this a water right which does not come under KDHE or the Board of County Commissioners, but some other state authority?
The problematic provisions of the proposed Lyon County health code concern plugging abandoned water wells.[1] K.S.A. 19-3701 et seq. establish county authority with regard to regulating matters that may impact local health and sanitary conditions. K.S.A. 19-3702, enacted in 1955 and last amended in 1965, allows the County to adopt a Code to protect the health and safety of county residents. It provides:
 "For the purpose of promoting the public health, comfort and well-being of the public, the county commissioners of any county in this state which is served by a local health department may by resolution adopt a sanitary code or codes to apply to such parts of the county as set forth in this act as they deem necessary, for the control of those environments and environmental conditions that may adversely affect the health and well-being of the public. Each sanitary code may provide for permits, licenses and fees. The county commissioners as set forth in this act may adopt reasonable fees for permits, licenses or other activities as required in the sanitary codes."
If a county opts to adopt such a code, K.S.A. 19-3704 requires that the county submit its code to KDHE for approval, and after obtaining such KDHE approval, provide notice and hold public hearings on the proposed code:
 "Whenever the county commissioners of such a county as set forth in this act deems [sic] it necessary to adopt a sanitary code, they shall prepare such sanitary code and submit it to the secretary of health and environment for review and approval. After such approval, the county commissioners shall hold at least one public hearing thereon and shall afford interested parties an opportunity to be heard either in favor or in protest of the proposed code. Such public hearing may be continued at the discretion of the county commissioners. . . ."[2]
Thus, KDHE must do a final review of the entire Code in question. It is presumed that the agency will do so in light of any potential conflict between its authority and that being exercised by the County.
K.S.A. 82a-1205(c) empowers the Secretary of KDHE to take certain action with regard to regulating water wells and states:
 "(c) The secretary shall have the power and authority and may cause to be inspected water wells in all phases of construction, reconstruction, treatment or plugging, and shall have access to such wells at all reasonable times. The secretary shall have general supervision and authority over the construction, reconstruction and treatment of all water wells and the plugging of holes drilled and abandoned in search of a groundwater supply or hydrogeological information."
K.S.A. 82a-1213 provides KDHE with additional authority to plug abandoned wells, with the exception of the grandfather clause applicable to water wells constructed prior to the enactment of this statute.[3]
Thus, it appears clear that state law provides KDHE with authority to require the plugging of some water wells. In implementing this statute, KDHE adopted a regulation that impacts plugging abandoned wells, which provides in pertinent part:
 "(a) All water wells abandoned by the landowner on or after July 1, 1979, and all water wells that were abandoned prior to July 1, 1979 which pose a threat to groundwater supplies, shall be plugged or caused to be plugged by the landowner. In all cases, the landowner shall perform the following as minimum requirements for plugging abandoned wells. . . ."[4]
K.A.R. 28-30-2 establishes definitions for "abandoned water well," and this definition includes a water well "(4) which poses potential health and safety hazzards or (5) which is in such condition that it cannot be placed on active or inactive status."
Thus, it is not simply the fact of abandonment that triggers KDHE water well plugging authority or actions. Rather, concerns about public health can trigger actions aimed at preventing water contamination and other health hazzards. General counsel for KDHE states in a letter to this office: "KDHE requires only that abandoned water wells be properly plugged to prevent water pollution and public health impact. It makes no determination as to any underlying water right. The landowner, after notification that plugging an abandoned water well is required to address pollution, may decide to bring a well up to standard and continue to use the well." Taking steps to insure that an abandoned water well does not negatively impact the health of the general public is the type of governmental activity that is traditionally characterized as a use of "police power."[5] Laws protecting the public health, safety and general welfare of citizens do not violate a right to use property by the owners and do not constitute taking of property without due process.[6]
Your first two questions involve whether the County and/or KDHE possess(es) authority to regulate the plugging of unused water wells or cisterns. We answer both of these in the affirmative. Both the County and KDHE have been legislatively authorized to adopt regulations relating to the health of citizens within their designated jurisdictions.[7] In proper factual circumstances, ordering an abandoned water well to be plugged may in fact help protect public health. It is therefore our opinion that in acting pursuant to K.S.A. 19-3701 et seq., K.S.A. 65-159, and K.S.A. 82a-1201 et seq., both KDHE and Lyon County have authority to adopt regulations or codes that require the plugging of abandoned water wells, insofar as such regulations or codes are designed and used to protect the health and safety of the general public. Any actual or perceived conflicts or overlaps between KDHE and County authority or jurisdiction will necessarily be resolved by KDHE when the County seeks the mandatory KDHE approval of any health code adopted pursuant to K.S.A. 19-3701 et seq.[8]
Your final question is whether this a water right which does not come under the authority of KDHE or a board of county commissioners.
Water rights, and regulation or actions that may impact them, are discussed in several statutes.[9] The specific Act raised as potentially precluding the proposed county code is K.S.A. 82a-701 etseq., the Kansas Water Appropriation Act. This Act is administered through the Department of Agriculture and its Chief Engineer. It is clear from this Act that governmental regulation and control of water rights and appropriations fall largely under authority granted to this state agency. Neither KDHE nor counties have been given authority to act under K.S.A. 82a-701 et seq. However, this is not to say that all matters concerning water wells have been delegated to one state agency. Rather, as evidenced by K.S.A. 65-159, 82a-1205 and 82a-1213, KDHE and counties have authority to act with regard to certain matters that may impact water wells.
Counsel for the Kansas Livestock Association argues that neither KDHE nor the County has the authority to regulate when a water right is abandoned and raises concerns that the proposed county code will in fact result in the loss of a water right without due process. She cites K.S.A. 82a-718 as further support for the argument that neither KDHE nor the County may lawfully require water wells to be plugged. This statute provides:
 "(a) All appropriations of water must be for some beneficial purpose. Every water right of every kind shall be deemed abandoned and shall terminate when without due and sufficient cause no lawful, beneficial use is henceforth made of water under such right for five successive years. Before any water right shall be declared abandoned and terminated the chief engineer shall conduct a hearing thereon. Notice shall be served on the user at least 30 days before the date of the hearing. The determination of the chief engineer pursuant to this section shall be subject to review in accordance with the provisions of K.S.A. 2002 Supp. 82a-1901, and amendments thereto. The verified report of the chief engineer or such engineer's authorized representative shall be prima facie evidence of the abandonment and termination of any water right.
 "(b) When no lawful, beneficial use of water under a water right has been reported for three successive years, the chief engineer shall notify the user, by certified mail, return receipt requested, that: (1) No lawful, beneficial use of the water has been reported for three successive years; (2) if no lawful, beneficial use is made of the water for five successive years, the right may be terminated; and (3) the right will not be terminated if the user shows that for one or more of the five consecutive years the beneficial use of the water was prevented or made unnecessary by circumstances that are due and sufficient cause for nonuse, which circumstances shall be included in the notice.
 "(c) The provisions of subsection (a) shall not apply to a water right that has not been declared abandoned and terminated before the effective date of this act if the five years of successive nonuse occurred exclusively and entirely before January 1, 1990. However, the provisions of subsection (a) shall apply if the period of five successive years of nonuse began before January 1, 1990, and continued after that date."[10]
This, then, is the statutory process that involves the Chief Engineer and by which a water right may ultimately be lost by its owner. This statute includes a procedure designed to protect due process rights. K.S.A. 82a-718
also appears to allow the holder of any water right to take steps necessary to correct the nonuse status of a well. Failure to properly use or care for a water right is what threatens the loss of their water rights. Counsel for the Department of Agriculture concurs with the concern that the proposed county code might create confusion with some of the provisions and definitions contained in K.S.A. 82a-701et seq. and that it may not recognize the fundamental distinction between a well and a water right.
We agree that the proposed Lyon County sanitary code can not speak to water rights or prohibit the continued use of an operational and properly maintained water well. We also note that specific county or state action seeking to plug a particular well could be challenged as an alleged violation of due process or other legal rights possessed by private individuals, and that such a challenge may succeed if sufficient due process is not provided to impacted individuals or if the facts surrounding the condition of a specific well do not support the governmental conduct in question. Thus, governmental employees and officials should insure that their legislative efforts promote the general welfare of the public, and that each action taken to plug a specific water well truly involves legitimate governmental concerns and objectives.
While the county's new health code cannot directly affect water rights, the code (like K.A.R. 28-30-2) may impact what happens to a hole that is not being properly maintained or used, and is thus causing a potential health or environmental hazzard. While it is true that county action under the proposed code could trigger the running of time set forth in K.S.A. 82a-718, the same scenario is already possible if KDHE takes the same action acting under K.S.A.82a-1205 and KDHE promulgated regulations.
Owners of water rights concerned about losing an ownership interest as a result of KDHE or county health authorities requiring an abandoned water well to be plugged have only to comply with state and local health regulations legitimately enacted and enforced in ways designed to prevent water contamination or other bonafide health hazzards. In that way, the authority granted to the Chief Engineer in K.S.A. 82a-718 would not be triggered. We see no conflict between KDHE and county public health and safety related regulations and the statutory authority allowing the Department of Agriculture and its Chief Engineer to finally declare a water right forfeited pursuant under K.S.A. 82a-718.[11] As with many areas of the law, there are overlapping authorities and related concerns. In construing statutes and determining legislative intent, several provisions of an act or acts in pari materia must be construed together with a view of reconciling and bringing them into workable harmony if possible.[12] Requiring an unsanitary condition to be addressed or abated by those with the legal authority to cure the problem cannot be said to be outside the scope of governmental authority vested in those local or state entities authorized to protect the general public against such ills.
Thus, it is our opinion that county or state health regulations that require an unsanitary water well to be plugged in order to protect public health are not an inappropriate, unauthorized, or illegal taking of a water right.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] Information received from counsel for the Livestock Association raises several other legal issues, concerning potential conflicts between the entire proposed Lyon County Code and KDHE or other authority. These concerns appear to have merit and may need to be addressed during the Code review done by the KDHE, or by other state agencies. However, we only undertake to address herein the legal issues presented to us by the opinion requester, i.e. the plugging of abandoned water wells.
[2] K.S.A. 19-3705 requires the same procedure to adopt any changes or amendments to the county code.
[3] This statute states: "All holes drilled in search of a water supply and abandoned, shall be properly plugged by the drilling contractor in accordance with rules and regulations established by the secretary in order to assure adequate and proper plugging of abandoned wells to prevent pollution of existing groundwater."
[4] K.A.R. 28-30-7 (emphasis added).
[5] F. Arthur Stone Sons v. Gibson, 230 Kan. 224 (1981) (Water Appropriation Act held constitutional as the requirements fall within the reasonable exercise of the state's police power to control water use in the state). See also Williams v. City of Wichita, 190 Kan. 317 (1962) (the 1945 Water Appropriation Act does not violate Due Process Clause of the Fourteenth Amendment to the United States Constitution or any provision of the Kansas Constitution in its regulation of the use, development and appropriation of water for beneficial and public purposes and the prevention of waste and unreasonable use of water, and in providing that unused portion of ground water may be appropriated and diverted from its source to place of use, and in requiring landowner to apply and obtain approval of chief engineer of division of water resources for the use of ground water underlying his land).
[6] City of Colby v. Hurtt, 212 Kan. 113 (1973). See also Attorney General Opinion No. 2002-24.
[7] See also K.S.A. 65-159, granting authority to both KDHE and county boards of health, allowing them to examine and take action with regard to nuisances and sources of pollution which, in their opinion, may be injurious to the health and inhabitants within the county or municipality in question. K.S.A. 65-210 states that the board of county commissioners serve as the county board of health.
[8] Counsel for KDHE advises us that it is their opinion that both that agency and counties have authority allowing them to require plugging of abandoned wells.
[9] E.g. K.S.A. 2-1915; 19-2816; 42-121 et seq.; 42-701 et seq.; 68-907; 82a-701 et seq.; 74-2609 et seq.; and 82a-1313.
[10] Emphasis added.
[11] A response received from legal counsel for the Kansas Water Office stated that this state agency has no authority with regard to directly regulating or enforcing county codes or state abandoned well or cistern issues and opined that both KDHE and the County have authority to require abandoned wells to be plugged, in furtherance of regulating conduct that impacts the general health of citizens. The response letter also stated that it was their opinion that this is not a water right issue.
[12] State ex rel. Morrison v. Oshman Sporting Goods Co., 2003 WL 21242179 (Kan. 2003).