No. 116,500

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEVIN HUFFMAN d/b/a
HUFFMAN MOBILE MANAGEMENT, *et al.*,
*Appellants*,

v.

CITY OF MAIZE, KANSAS,
*Appellee*.

SYLLABUS BY THE COURT

1.

The constitutionality of a municipal ordinance is a question of law, over which appellate courts have de novo review.

2.

When determining the constitutionality of a municipal ordinance, appellate courts are required to presume that the ordinance is constitutional; resolve all doubts in favor of validating the ordinance; uphold the ordinance if there is a reasonable way to do so; and strike down the ordinance only if it clearly appears to be unconstitutional.

3.

Municipalities have broad police powers to enact ordinances regulating or restricting certain activities to promote the health, safety, and welfare of the public. Under the Home Rule Amendment to the Kansas Constitution, Kan. Const. art. 12, § 5, municipalities have the power to adopt such ordinances provided the legislature has not addressed the issue.

1

4.

A municipal ordinance does not violate equal protection if there is any set of facts that may reasonably justify its objective.

5.

The enactment of a municipal ordinance must implicate legitimate goals, and the means chosen must bear a rational relationship to those goals so that it treats all similarly situated people alike.

6.

Although not a practice to be encouraged, a district court does not violate K.S.A. 2016 Supp. 60-252(a)(1) or Supreme Court Rule 165 (2017 Kan. S. Ct. R. 214) when it adopts a party's findings of fact and conclusions of law in their entirety as long as the district court individually considers each finding and conclusion.

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed September 22, 2017. Affirmed.

*Nicholas R. Grillot*, of Hinkle Law Firm, LLC, of Wichita, for appellants Justin Westhoff and Steven Westhoff.

*Joseph H. Cassell*, of Eron Law, P.A., of Wichita, for appellant Kevin Huffman.

*Stephen E. Robison*, *Lyndon W. Vix*, and *T. Chet Compton*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

BRUNS, J.:  Kevin Huffman, d/b/a Huffman Mobile Management (Huffman), and Steven and Justin Westhoff, d/b/a Sunflower Village (the Westhoffs), appeal from the

district court's granting of summary judgment in favor of the City of Maize in this action for declaratory judgment and injunctive relief. Huffman and the Westhoffs—who own mobile home parks in Maize—filed this action alleging that an ordinance regulating mobile home parks enacted by the City is unconstitutional. On appeal, Huffman and the Westhoffs contend that the mobile home ordinance violates their rights to due process and equal protection. They also contend that the district court's findings of fact and conclusions of law are insufficient. Because we find that the ordinance is a proper exercise of police power by the City, we conclude that there has been no violation of Huffman's and the Westhoffs' constitutional rights. Furthermore, we conclude that the district court's findings of fact and conclusions of law are sufficient. Thus, we affirm.

FACTS

In 2014, the City of Maize enacted an ordinance regulating mobile home parks. Prior to that time, there was no ordinance regulating mobile home parks in Maize. Before adopting the new ordinance, the City formed a committee to study mobile home park ordinances from other cities. The committee then worked with the City Attorney to develop the language for a proposed ordinance to present to the city council for its consideration.

After giving notice to the public, the city council held a preliminary discussion regarding the proposed mobile home park ordinance on June 16, 2014. A number of people, including Huffman and the Westhoffs, attended the city council meeting to raise their concerns about the proposed ordinance. As a result, the city council directed the committee to meet with those opposed to the ordinance in an attempt to address their concerns.

After the committee met with the people who had expressed opposition to the mobile home park ordinance, the proposed ordinance was revised and posted on the

3

City's website. At a work session held on November 3, 2014, the city council discussed the proposed ordinance as revised and set the matter for final action on the agenda of its next meeting. Moreover, the city council gave notice to the public on its website that it would be considering the proposed mobile home ordinance at its meeting on November 17, 2015. In addition, prior to the meeting, the deputy city administrator sent Huffman and the Westhoffs the revised language of the proposed ordinance the city council would be considering.

At the meeting on November 17, the city council discussed the proposed mobile home park ordinance. Neither Huffman nor the Westhoffs appeared at the meeting to express their remaining concerns. Nevertheless, the city council amended the proposed ordinance to exempt existing mobile home parks—such as those owned by Huffman and the Westhoffs—from many of the ordinance's requirements. In particular, the ordinance—as amended—does not require existing owners to comply with provisions of the new ordinance dealing with paved roadways, storage lockers, lighting requirements, storm shelters, and garbage collection. However, these exemptions will not be applicable if existing mobile home parks are sold to new owners in the future.

Ultimately, the city council voted to pass the proposed mobile home park ordinance—as amended—at the November 17 meeting. Accordingly, the city council published the mobile home park ordinance—officially referred to as Ordinance 892—in its official newspaper in December 2014. The new ordinance became effective on July 1, 2015.

On June 18, 2015, Huffman and the Westhoffs filed a petition for declaratory judgment and injunctive relief against the City of Maize. Specifically, Huffman and the Westhoffs asserted that the mobile home park ordinance exceeded the City's police powers and violated their constitutional rights to due process under law. The petition also contained a claim for damages, but the district court dismissed that claim without

4

prejudice on September 22, 2015. After completion of discovery, the City filed a motion for summary judgment. In its motion, the City asserted that the mobile home park ordinance passed by the city council is constitutional because it "addresses matters of public health, safety and welfare [including the] health, safety and welfare of the residents of the mobile home parks."

In their memorandum in opposition of the motion for summary judgment, Huffman and the Westhoffs argued—among other things—that the mobile home park ordinance is an unconstitutional exercise of the City's police powers as well as a violation of their equal protection rights.

The district court held a hearing on the summary judgment motion on March 31, 2016. After hearing the arguments of counsel, the district court took the motion under advisement. In an order entered on May 26, 2016, the district court granted summary judgment to the City. In the order, the district court determined that the "City of Maize properly enacted the ordinance in question under its police powers and the ordinance is presumed valid and constitution." In addition, the district court concluded that the "enactment of the ordinance passes the rational basis test" and that "[s]ufficient due process was afforded [Huffman and the Westhoffs] including notice and an opportunity to be heard."

On June 8, 2016, the district court filed a journal entry, in which it entered judgment in favor of the City with costs assessed against Huffman and the Westhoffs. A few weeks later, Huffman and the Westhoffs filed a motion for adequate findings of fact and conclusions of law. They also filed a motion to stay enforcement of the mobile home park ordinance. At a hearing on both motions held on July 15, 2016, counsel presented oral argument and the district court denied the motion to stay the enforcement of the ordinance. In a journal entry entered on July 20, 2016, the district court denied the motion for adequate findings of fact and conclusions of law. In doing so, the district court

expressly adopted the City's statement of uncontroverted facts. The district court also determined that there were no issues as to any material fact nor had Huffman and the Westhoffs established a violation of a legal duty owed by the City.

ANALYSIS

*Constitutionality of Ordinance No. 892*

On appeal, Huffman and the Westhoffs contend that the district court erred in granting summary judgment to the City of Maize. In particular, they argue that there is a dispute of material fact regarding the constitutionality of the mobile home park ordinance enacted by the City. They also argue that the ordinance violates their right to equal protection because owners of mobile homes are treated differently than the owners of on-site built homes. In response, the City of Maize asserts that the district court's granting of summary judgment was appropriate. Specifically, the City argues that the district court properly found as a matter of law that the mobile home park ordinance was an appropriate exercise of its police power and that there has been no equal protection violation.

a. *Standard of Review*

The Kansas Supreme Court recently stated the well-known standard of review relating to summary judgments in *Creegan v. State*, 305 Kan. 1156, 391 P.3d 36 (2017). In *Creegan*, our Supreme Court found:

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come

6

forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citations omitted.]'" 305 Kan. at 1159.

See also K.S.A. 2016 Supp. 60-256(c)(2).

Furthermore, the constitutionality of a municipal ordinance is a question of law, over which we have de novo review. *City of Wichita v. Hackett*, 275 Kan. 848, 853, 69 P.3d 621 (2003). When determining the constitutionality of an ordinance, we are required to (1) presume that the ordinance is constitutional; (2) resolve all doubts in favor of validating the ordinance; (3) uphold the ordinance if there is a reasonable way to do so; and (4) strike down the ordinance only if it clearly appears to be unconstitutional. In the process, we resolve all doubts in favor of an ordinance's constitutionality. Hence, those who assert the unconstitutionality of a municipal ordinance—in this case Huffman and the Westhoffs—have a heavy burden to meet because we have the duty to uphold the constitutionality of ordinances if it is possible to do so. 275 Kan. at 853.

In fact, we must search for ways to uphold the constitutionality of municipal ordinances. *City of Lincoln Center v. Farmway Co-Op, Inc.*, 298 Kan. 540, 544, 316 P.3d 707 (2013). Likewise, in reviewing the reasonableness of an ordinance, we are not to substitute our judgment for that of the municipality. *City of Colby v. Hurtt*, 212 Kan. 113, 115-16, 509 P.2d 1142 (1973). Instead, "[b]oth a district court making the initial determination regarding whether an [ordinance] is constitutional and an appellate court conducting a review of that determination are required by the separation of powers doctrine to presume the [ordinance] is constitutional." *State v. Mossman*, 294 Kan. 901, 906, 281 P.3d 153 (2012).

7

*b. Exercise of Police Powers*

Municipalities have broad police powers to enact ordinances regulating or restricting certain activities to promote the health, safety, and welfare of the public. See *State v. Risjord*, 249 Kan. 497, 501, 819 P.2d 638 (1991); see also *Heartland Apartment Ass'n, Inc. v. City of Mission*, 306 Kan. 2, 392 P.3d 98 (2017). In particular, under the Home Rule Amendment to the Kansas Constitution, Kan. Const. art. 12, § 5, Kansas municipalities have the power to adopt ordinances on any type of subject provided the state legislature has not addressed the issue. See *Farha v. City of Wichita*, 284 Kan. 507, 513, 161 P.3d 717 (2007). In addition, the Home Rule Amendment provides that the "[p]owers and authority granted cities pursuant to this section shall be liberally construed for the purpose of giving to cities the largest measure of self-government." Kan. Const. art. 12, § 5(d). See *State ex rel. Kline v. Board of Comm'rs of Unified Gov't of Wyandotte Co./KC*, 277 Kan. 516, 520, 85 P.3d 1237 (2004).

In discussing the police power granted to municipalities, in *Lower v. Board of Dir. of Haskell County Cemetery Dist.*, 274 Kan. 735, 750, 56 P.3d 235 (2002), our Supreme Court has explained:

> "'Almost every exercise of the police power will necessarily either interfere with the enjoyment of liberty or the acquisition, possession and production of property, or involve an injury to a person, or deprive a person of property within the meaning of the Fourteenth Amendment to the Constitution of the United States. Nevertheless, it is well settled that an exercise of the police power having such an effect will be valid if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public, and if it is not unreasonable or arbitrary.
>
> 'Whether an exercise of the police power does bear a real and substantial relation to the public health, safety, morals or general welfare of the public, and whether it is unreasonable or arbitrary are questions which are committed in the first instance to the judgment and discretion of the legislative body, and unless the decisions of such

8

legislative body on those questions appear to be clearly erroneous, the courts will not invalidate them.'" 274 Kan. at 750 (quoting *State ex rel. Stephan v. Lane*, 228 Kan. 379, 384-85, 614 P.2d 987 [1980], and *Grigsby v. Mitchum*, 191 Kan. 293, 302, 380 P.2d 363 [1963]).

In *City of Colby v. Hurtt*, the Kansas Supreme Court considered whether a municipal ordinance that restricted the location of mobile homes to certain places within the city limits was unreasonable and arbitrary and, therefore, unconstitutional. In concluding that the ordinance bore a substantial relationship to public health, safety, and general welfare, our Supreme Court found:

> "Mobile homes are used for residences but they possess special characteristics which warrant their separate regulation. They involve potential hazards to public health if not properly located and supplied with utilities and sanitary facilities. Mobile homes scattered promiscuously throughout the residential district of a city might well stunt its growth and certainly stifle development of an area of residential purposes." 212 Kan. at 116.

Although the defendant in *Hurtt* only challenged the portion of the municipal ordinance that regulated where mobile homes could be placed within the city limits of Colby, a review of the case reveals that the ordinance in question regulated more than simply the placement of mobile homes. As our Supreme Court noted, "[t]he ordinance contained other provisions for the convenience, health and welfare of those locating in mobile home communities." 212 Kan. at 114. Over the years, our Supreme Court has cited favorably to its holding in *Hurtt* on several occasions. See *State v. Risjord*, 249 Kan. 497, 504-05, 819 P.2d 638 (1991) (upholding the regulation of equestrians on public roadways within a park); *Gaslight Villa, Inc. v. City of Lansing*, 213 Kan. 862, 863-64, 518 P.2d 410 (1974) (upholding a regulation of mobile homes as a valid exercise of city's authority).

9

Additionally, the Kansas Supreme Court held in *City of Lyons v. Suttle*, 209 Kan. 735, 741, 498 P.2d 9 (1972), as follows:

> "Unconstitutional, as understood and applied by the courts, means that the ordinance assailed is in conflict with some provision of the constitution or law and not that it is considered unwise, conflicts with generally accepted policy or is contrary to sound principles. See *United States v. American Brewing Co.* (Pa.) 1 F. 2d 1001 (E. D. Pa. 1924); and *Ketterer v. Lederer*, 269 F. 153 (E. D. Pa. 1920)."

Here, we find that the City of Maize has shown that Ordinance No. 892 falls within its broad police powers because it was enacted for the health, safety, and welfare of those living in or visiting mobile home parks. A review of the ordinance reveals that it regulates such things as location of mobile homes and mobile home parks; occupancy of mobile homes; licensing of mobile home parks; setback requirements in mobile home parks; roadways in a mobile home parks; storage space for mobile homes located within mobile home parks; off-street parking in mobile home parks; lighting within mobile home parks; storm shelters in a mobile home parks; garbage and refuse collection in mobile home parks; and preventive measures to reduce rodents and insects in mobile home parks. We find each of these regulations to be reasonably related to the health, safety, and/or welfare of the residents of mobile home parks and/or those who visit mobile home parks—including those responding to emergencies.

Moreover, we find that there is no legal requirement that a municipality must wait for citizens to complain before it takes action to protect the public health, safety, and welfare. See Kan. Const. art. 12, § 5(b); *Farha*, 284 Kan. at 513. Nevertheless, we note that the record contains evidence regarding concerns expressed by citizens about the conditions at mobile home parks in Maize. For example, in his deposition, the city administrator testified that that there were several issues that prompted the city to enact the ordinance:

"The concern was [a mobile home without skirting is an] attractive nuisance for children. [Mobile homes without skirting] also allow[] for rodents and pests to take up residence underneath the trailers. There is also a concern about lighting. There was a concern about storage of lawn mowers and things of that nature that were left out. Oh, grass. The other issue, I think, was trash. There were some trash issues that were brought to my attention."

Likewise, the deputy city administrator testified in her deposition that similar issues relating to mobile homes had been brought to her attention. Although she could not recall the specifics of any particular complaints, the deputy city administrator also testified that the City had received telephone calls from citizens making complaints about various issues relating to the condition of mobile home parks. Moreover, as Huffman and the Westhoffs recognize in their statement of uncontroverted facts, "there had been issues with fire/emergency vehicles gaining access to [their mobile home] parks."

In summary, we conclude that Huffman and the Westhoffs failed to come forward with any evidence—much less substantial evidence—in response to the City's motion for summary judgment that tends to show Ordinance No. 892 was enacted for a reason other than to promote public health, safety, and welfare. To the contrary, our review of the record convinces us that the exercise of the police power by the City of Maize in enacting Ordinance No. 892 bears a real and substantial relation to the health, safety, and welfare of the public. We also conclude that Huffman and the Westhoffs were given reasonable notice of the proposed ordinance by the city council as well as an adequate opportunity to be heard prior to the enactment of Ordinance No. 892. Thus, we do not find that Huffman's and the Westhoffs' constitutional rights to substantive or procedural due process have been violated, and we conclude that the granting of summary judgment in favor of the City of Maize was appropriate.

*c. Equal Protection*

Huffman and the Westhoffs also contend that Ordinance 892 violates their right to equal protection by treating the mobile home owners differently than other homeowners. Whether an ordinance violates equal protection is also a question of law over which we have unlimited review. *State v. Mueller*, 271 Kan. 897, 902, 27 P.3d 884 (2001). The Equal Protection Clause demands that no governmental entity "shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Equal protection of the law "'emphasizes disparity in treatment by a [governmental entity] between classes of individuals whose situations are arguably indistinguishable.'" *Mueller*, 271 Kan. at 903 (quoting *Ross v. Moffitt*, 417 U.S. 600, 609, 94 S. Ct. 2437, 41 L. Ed. 2d 341 [1974]).

"'Only in cases involving "suspect classifications" or "fundamental interests" is the presumption of constitutionality displaced and the burden placed on the party asserting constitutionality to demonstrate a compelling [governmental] interest which justifies the classification. [Citation omitted.]'" *Mueller*, 271 Kan. at 903 (quoting *Farley v. Engelken*, 241 Kan. 663, 667-68, 740 P.2d 1058 [1987]). As the parties recognize, this case does not involve a suspect classification or a fundamental interest. Accordingly, we will apply a rational basis standard of review to the ordinance. See *City of Wichita v. Edwards*, 23 Kan. App. 2d 962, 970, 939 P.2d 942 (1997).

Under a rational basis review, "relevance is the only relationship required between the classification and the objective. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the [governmental entity's] objective." *Mueller*, 271 Kan. at 903. As such, an ordinance will not be found to violate equal protection if there are any set of facts that may reasonably justify its objective. In other words, the enactment of the ordinance must implicate legitimate goals,

and the means chosen must bear a rational relationship to those goals so that all similarly situated people will be treated alike. *Mueller*, 271 Kan. at 903.

As indicated above, the Kansas Supreme Court has upheld ordinances that treat the owners of mobile homes differently from other homeowners in order to protect the public health, safety, and welfare of citizens. *City of Colby*, 212 Kan. at 117; see also *Gaslight Villa, Inc.*, 213 Kan. at 863-64. Here, we find that the City of Maize has come forward with legitimate reasons for enacting Ordinance 892 in order to protect not only mobile home park residents but also to protect visitors. As such, the separate classification was not created arbitrarily, discriminatorily, or unreasonably. Moreover, we find that the ordinance bears a rational relationship to the stated goal of protecting the public health, safety, and welfare. Thus, we conclude that Ordinance 892 does not violate equal protection.

*District Court's Findings and Conclusions*

Finally, Huffman and the Westhoffs contend that the district court made improper findings of fact and conclusions of law. They argue that the district court erred by adopting the City of Maize's statement of uncontroverted facts and conclusions of law. Specifically, Huffman and the Westhoffs argue that this was improper under K.S.A. 2016 Supp. 60-252(a)(1) and Supreme Court Rule 165 (2017 Kan. S. Ct. R. 214). We disagree.

In response to Huffman and the Westhoffs' argument, the City cites *Stone v. City of Kiowa*, 263 Kan. 502, 506, 950 P.2d 1305 (1997), in which the Kansas Supreme Court held:

> "There is nothing inherently wrong with a trial court's adopting a party's findings
> and conclusions in their entirety as long as they had been individually considered, but it is
> the sort of shorthand that would be susceptible to abuse. Thus, although not a practice to

13

be encouraged, it is not, standing alone, a violation of Supreme Court Rule 165 or K.S.A. 60-252."

In the present case, the district court addressed each of the City's factual contentions that Huffman and the Westhoffs had attempted to controvert in their response to the motion for summary judgment. Moreover, as indicated above, we apply the same rules as the district court when reviewing a decision on a motion for summary judgment. *Apodaca v. Willmore*, 306 Kan. 103, 106, 392 P.3d 529 (2017) (quoting *Apodaca v. Willmore*, 51 Kan. App. 2d 534, 538, 349 P.3d 481 [2015], citing *Stanley Bank v. Parish*, 298 Kan. 755, 759, 317 P.3d 750 [2014]). Thus, although we do not encourage such a practice, we conclude that the district court did not err in adopting the City's findings of fact and conclusions of law as part of its order granting summary judgment to the City of Maize.

Affirmed.